LITTLE
ROCK,
July,1838.

HALL
vs.
THE STATE

SAMUEL S. HALL *against* THE STATE OF ARKANSAS.

ERROR *to the City Court of Little Rock.*

A judgment of the City Court in a civil case cannot be removed directly into this court for revision by writ of error, any more than a judgment of a Justice, and is placed precisely on the same footing.

The jurisdiction of the City Court and Justices of the Peace is concurrent in such case, and the right of appeal being secured in like manner, and to the same tribunal, the parties are restricted to that remedy.

But where the judgment in the City Court was for one hundred dollars, founded upon a sci. fa. on a recognizance in the sum of two hundred dollars, it was a civil cause, the amount in controversy exceeded one hundred dollars, the City Court had no jurisdiction, and a supersedeas granted by one of the Judges of this court in vacation will be allowed to stand, though the writ of error is dismissed as improvidently issued.

The question was disposed of on a question of jurisdiction, and all the facts appear in the opinion.

TAYLOR, for plaintiff in error:

CLENDENIN, *Pros. Att'y, contra:*

RINGO, *Chief Justice*, delivered the opinion of the court:

This is a writ of error, with supersedeas, to the City Court of Little Rock, prosecuted by the plaintiff to reverse a judgment of said court against him in favor of the State. The suit was commenced by *scire facias*, against the plaintiff in error and one *John R. Conway* jointly, on a recognizance which is thus described and recited in the scire facias, to wit: " Whereas, on the 13th day of October, in the year of our Lord one thousand eight hundred and thirty-six, a certain *John R. Conway*, as principal, and *Samuel S. Hall*, as his security, made their personal appearance before the City Court of the City of Little Rock, in the State of Arkansas, and then and there acknowledged themselves to owe and be indebted to the said ' State of Arkansas in the sum of two hundred dollars, good and lawful money of the United States, to be void on condition that said *John R. Conway* should appear before our City Court at our November Term, 1836, on the first day of said term, to answer unto the said *State of Arkansas*, for the said *John R. Conway*, on the 20th day of September, 1836, did bet at faro, and committed an offence in the city of Little Rock, and should not depart therefrom without the leave of said court." The scire facias then recites, that the said *John R. Conway* being solemnly called on the first day of said court, came not, but made default in forfeiture of his recognizance,

and commands the City Constable to make known to the said *John R. Conway* and *Samuel S. Hall* that they be and appear before said City Court at the city court house in the city of Little Rock, on the first Monday of June, 1837, to show cause why the said sum of *two hundred dollars* ought not to be levied on their respective bodies, goods and chattels, lands and tenements, to the use of said city of Little Rock, according to the force, form, and effect, of the recognizance aforesaid.

The scire facias was duly served on *Hall*, on the 28th day of May, 1837, and returned *non est*, as to *Conway*, and an alias scire facias issued against both, returnable to the August Term, 1837, of said City Court, which was also personally served on *Hall*, and returned *non est* as to *Conway*. And on the 7th of August, 1837, a several judgment by default was rendered against the said *Conway* and *Hall*, for one hundred dollars each, with costs, and this proceeding and judgment against *Hall* forms the subject of the present controversy.

Before we proceed to examine the questions presented by the assignment of errors to which this is a joinder, it will be proper to dispose of a preliminary question, which though not urged by the parties, is presented by the record, and must be necessarily first decided; for if we have no jurisdiction of the case, it is not competent for us to decide upon its merits, and we conceive it to be our first duty in every case to see that we have jurisdiction, before we attempt to adjudicate upon the merits of the controversy.

The question here presented is this: Does a writ of error lie from this court to the City Court of Little Rock, to revise the judgment of that court in a civil suit?

The jurisdiction of this court is appellate only, except in cases otherwise directed in the constitution, and it is co-extensive with the state, *under such restrictions and regulations as may from time to time be prescribed by law.*

The act of the Legislature, approved October 29th, 1836, entitled, "An act to regulate the practice in the Supreme Court, in appeals and writs of error in civil cases," provides, "That *writs* of error upon any final judgment or decision of any *Circuit Court*, are writs of right, and shall issue of course out of the Supreme Court, as well in vacation as in term time, *subject to the regulations prescribed by law.*" The Legislature, in the 7th section of the act approved November 2d, 1835, after defining the jurisdiction of the City Court in criminal and penal cases, and expressly prohibiting any appeal from the decision and judgment

thereof in such cases, provides " that any person aggrieved may have the right to sue a writ of error out of the Superior Court of said Territory, and there have his case examined according to law, and confirmed or reversed, and awarded for trial *de novo*, as in civil cases, in the Circuit Court," proceeds to enact that " the said City Court shall have concurrent jurisdiction with the Justices of the Peace in all civil cases under the laws of the Territory, where the amount in controversy *does not exceed one hundred dollars*, reserving to the party or parties aggrieved by the decision of said court the right of appeal in such civil cases, as from ordinary judgments of Justices of the peace."

By the provisions of an act approved November 3d, 1831, an appeal was allowed in all cases within the jurisdiction of a Justice of the Peace, from his judgment or decision, to the Circuit Court of the county where such judgment was rendered.

From an attentive consideration of the several statutory provisions on this subject, we are well satisfied that the Legislature never intended to authorize a judgment of the City Court in civil cases, to be removed directly into this court for revision, upon a writ of error, any more than they did a judgment of a Justice of the Peace; and that it was designed to place them precisely upon the same footing as judgments of Justices of the Peace. Their jurisdiction was concurrent, and the right of appeal secured in like manner and to the same tribunal. This being the case, the same construction should be applied to this statute, which has been uniformly to the other; and the maxim, *expressio unius est exclusio alterius*, applies in its full force, and restricts the parties to the remedy mentioned in the Statute.

We are, therefore, of opinion that a writ of error does not lie in civil cases, from this, to the City Court, the legal remedy of the plaintiff in error being an appeal to the Circuit Court; and that he cannot pass by that intermediate jurisdiction, and remove his case directly into this court. The writ of error was, therefore, improvidently issued, and must be dismissed with costs.

In thus disposing of the case before us, so far as it depends upon the writ of error, we do not design to impair the efficacy of the supersedeas, which has been awarded by one of the Judges of this court, in vacation; or release the parties from their obligation to observe its injunctions. For, after a careful examination of the record, we are satisfied that the City Court had no jurisdiction of the subject matter

LITTLE
ROCK,
July. 1838.  in controversy, as the same is disclosed and set out, in the transcript of

HALL   the record, and the proceedings against *Hall*, now before us.

*vs.*       The jurisdiction of the City Court in civil controversies, was con-
THE STATE
current with that of the Justices of the Peace, and expressly restrict-
ed to cases where the amount in controversy did not exceed one hun-
dred dollars.   This was a civil cause, and the amount in controversy,
as disclosed by the scire facias, was two hundred dollars.   Conse-
quently, the City Court could not legally take cognizances of it: and
as the supersedeas was properly granted, it must be permitted to stand.