James Bradley vs. State.

## JAMES BRADLEY VS. STATE.

1. MISDEMEANOR: *Former prosecution, etc.*
    The filing of an affidavit before a justice of the peace, and issuance of a warrant of arrest for assault and battery, is no bar to an indictment in the Circuit Court for the same offense, where it appears that the defendant was not found and there was no further proceedings under the warrant issued by the justice.

2. FORMER CONVICTION: *On offender's confession.*
    A conviction of assault and battery before a justice of the peace on the confession or information of the offender, is no bar to an indictment for the same offense.

3. ———: *Plea of; when bad.*
    A plea of former conviction which does not verify the alleged conviction by the record, is bad on demurrer.

4. MISDEMEANOR: *Trial of by the court.*
    Under the provisions of sec. 1875, Gantt's Dig., the court may, by consent, try a misdemeanor.

James Bradley vs. State.

ERROR to *Benton* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*Henderson, Attorney General*, for the State.

ENGLISH, CH. J.:

At the April Term, 1877, of the Circuit Court of Benton County, James H. Bradley, the plaintiff in error, was indicted for an assault and battery upon W. A. Plotner. The offense is alleged to have been committed on the 17th January, 1877.

The defendant pleaded what is called in the record a plea to the jurisdiction of the court, to which the State demurred, and the court sustained the demurrer. Whereupon the cause was submitted to the court, sitting as a jury, and upon the evidence, the court found the defendant guilty, and fined him $10. He filed motions for new trial and in arrest of judgment, which were overruled, and he took a bill of exceptions. Judgment was rendered against him for the fine and costs, and he brought error.

Under the present practice there is no assignment of errors; no brief has been filed for plaintiff, and we do not really know upon what particular ground a reversal of the judgment is hoped for.

What is termed in the record a plea of jurisdiction, is an attempt to plead two defenses, *first*, a former prosecution for the same offense pending before a justice of the peace, and *second*, a former conviction of the same offense before a justice of the peace.

The first plea alleges, in substance, that on the 25th day of January, 1877, and before the indictment in this case was found, the State instituted proceedings against the defendant for the identical offense alleged in the indictment in this cause, before one Samuel Box, a justice of the peace of Hico Township in

Benton County, upon the affidavit and written complaint of one Conrad Plotner, then and there filed in behalf of the State, against defendant, charging that he had assaulted the party alleged in the indictment to have been assaulted by the name of W. A. Plotner; upon which affidavit said justice of the peace issued his warrant for the arrest of defendant to answer said charge. That said prosecution before said justice of the peace had never been dismissed or otherwise disposed of, but was still pending, etc.

A copy of the record entries of the justice of the peace in said cause is filed with and made part of the plea, and it is alleged that the prosecution before the justice was for the same offense alleged against defendant in the indictment.

The transcript of the docket entries of the justice of the peace filed with the plea, shows that on the 25th of January, 1877, Conrad Plotner made affidavit before Samuel Box, a justice of the peace of Hico Township, Benton County, charging that James H. Bradley did on the 23d day of January, 1877, in said county, commit an assault upon W. A. Plotner, minor son of affiant, with an unlawful weapon (a certain stick); and that a warrant was issued by the justice for the arrest of the accused, directed to the constable of the township, returnable forthwith; and that on the 25th of the same month, the constable returned the writ not executed, because said Bradley could not be found. The transcript shows no further prosecution before the justice of the peace.

Sec. 11, art. vii., of the Constitution provides that: " The Circuit Court shall have jurisdiction in all civil and criminal cases, the exclusive jurisdiction of which may not be vested in some other court provided for by this Constitution."

Sec. 40, of the same article provides that justices of the peace shall have " such jurisdiction of misdemeanors as is now or may be prescribed by law."

The fifth clause of sec. 1642 of Gantt's Digest, provides that: "In criminal causes, the jurisdiction of justices of the peace shall extend to all matters less than felony, for final determination and judgment ; Provided, that Circuit Courts shall have jurisdiction concurrent with justices' courts in all such cases."

In a case of concurrent jurisdiction in different tribunals, the one first exercising jurisdiction rightfully acquires the control, to the exclusion of the other. 1 Wharton Cr. L. (6th Ed.), 541; *Burdett* v. *The State*, 9 Texas, 43.

But in this case, the affidavit was made before the justice of the peace and the warrant for the arrest of the plaintiff in error issued on the 25th of January, 1877, and on the same day the warrant was returned by the constable not found. The justice of the peace acquired no jurisdiction of the person of the defendant for want of service, and no alias writ was issued. There appears to have been no further prosecution of the case before the justice of the peace. The indictment was found in the Circuit Court at the April Term following, when no doubt the prosecution before the justice had been abandoned, and was not pending.

The court did not err in sustaining the demurrer to this plea.

The second plea alleges, "that on or about the —— day of February, 1877, defendant appeared in person before one John Comer, an acting and duly qualified justice of the peace of said Township of Hico, Benton County, and entered his plea of guilty for the same offense alleged in the indictment of this cause ; upon which plea said justice rendered judgment against him in favor of said State for the sum of five dollars fine, and cost, which fine and cost was by this defendant paid to the proper officer ; wherefore he prays judgment."

The plea does not verify the alleged former conviction by any record, and was bad on demurrer. *Atkins* v. *State*, 16 Ark., 568

*Wilson* v. *State,* Ib., 610; *Johnson* v. *State,* 29 Ark., 34; 1 Wharton, 541.

A justices' court is not strictly a court of record, but the docket entries, etc., of the justice are *quasi* records.

Moreover, to render the plea of former conviction availing, the court must not only have jurisdiction, but the proceedings must be regular. Thus, a conviction of breach of the peace before a magistrate, on the confession or information of the offender himself, is no bar to an indictment by the grand jury for the same offense. 1 Wharton Cr. L., 541.

In *Commonwealth* v. *Alderman,* 4 Mass., 478, the defendant being arraigned on an indictment for an assault and battery, and being inquired of by the clerk, whether he was guilty or not guilty, said that he was guilty, but added that he had himself informed a justice of the peace of the county of his offense, by whom he had been sentenced to pay a fine.

"The court directed the clerk to enter a plea of guilty alone, observing that it had heretofore been solemnly determined that a conviction of a breach of the peace before a magistrate, on the confession or information of the offender himself, was no bar to an indictment by a grand jury for the same offense."

We think this good law. It would be an evil practice to permit a man who has committed an assault and battery upon another, to go to a magistrate, tell his own story, and hand him $5 as an atonement for the offense.

The grounds of the motion for a new trial were, that the court sustained the demurrer to defendant's plea to the jurisdiction, and required him to plead to the indictment; and that the verdict of the court, sitting as a jury, was contrary to law and evidence.

The sustaining of the demurrer to the plea was not properly assigned as cause for a new trial. The pleas, the demurrer, and

judgment of the court upon it, were matters of record, and preceded the trial. We have seen, however, that the court did not err in sustaining the demurrer to the pleas.

Whether the court found contrary to the evidence or not, we do not know, as the plaintiff in error failed to set out the evidence introduced on the trial in his bill of exceptions.

The cause assigned in the motion for arrest of judgment, is that the court overruled the plea to the jurisdiction. We have above decided that the plea was bad.

Before the adoption of the Criminal Code, though the defendant might be willing to waive his right to trial by jury, there was no statute authorizing the court to try a criminal case. *Wilson* v. *State*, 16 Ark., 601 ; *Bond* v. *State*, 17 Ib., 290 ; *Oliver* v. *State*, 17 Ib., 510 ; *Cooper* v. *State*, 21 Ib., 228 ; *Cason* v. *State*, 22 Ib., 214.

But by sec. 1857, Gantt's Dig., in all cases of misdemeanors the parties may by consent, waive a jury, and submit the law and facts to the court, etc.

Affirmed.