Buddy GRIGGS et al *v.* STATE of Arkansas

CR 83-119                                    658 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered October 10, 1983
[Rehearing denied November 7, 1983.]

*Charles A. Potter,* for appellants.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. After a non-jury trial the three appellants, brothers, were found guilty of third-degree

battery and sentenced to fines of $750 and to a year in jail, with nine months suspended. The defendants were represented by trial attorneys in the court below, but the record does not show that the defendants personally waived a jury trial either in writing or in open court, as contemplated by A.R.Cr.P. Rules 31.1 and 31.2. There is no assertion that the defendants did not in fact waive a jury, but it is argued by appellate counsel that the omission in the record entitles them to a new trial. The case was transferred to us by the Court of Appeals under Rule 29 (1) (c).

There is a constitutional right to a jury trial in felony cases, but the manner of waiver is not specified by the constitution, any more than the manner of entering a plea of guilty is so specified. *See Smith* v. *State,* 264 Ark. 329, 571 S.W.2d 591 (1978). Even a constitutional question, which this one is not, must be raised in the trial court to be reviewable on appeal. *Shepherd* v. *State,* 270 Ark. 457, 605 S.W.2d 414 (1980). The present question not having been raised below in any manner, no issue is presented for our decision.

Affirmed.