John Wesley SCOTT *v.* STATE of Arkansas

CR 84-125                                  681 S.W.2d 915

Supreme Court of Arkansas
Opinion delivered January 14, 1985

*Gibson Law Firm,* by: *John F. Gibson, Jr.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Michael E. Wheeler*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is a criminal case in which the sentence was for more than 30 years. Our jurisdiction arises from Supreme Court and Court of Appeals Rule 29(1) (b).

John Welsey Scott was found guilty of rape in violation of Ark. Stat. Ann. § 41-1803(1)(c) (Repl. 1977), and of carnal abuse in the first degree in violation of Ark. Stat. Ann. § 41-1804(1) (Repl. 1977).

Rape, as defined in Section 41-1803(1)(c) is a class Y felony, Ark. Stat. Ann. § 41-1803(2) (Supp. 1983) and, if the sentence is not to life imprisonment, carries a maximum imprisonment term of 40 years. Ark. Stat. Ann. § 41-901(1)(a) (Supp. 1983).

Carnal abuse in the third degree is a class C felony, Ark. Stat. Ann. § 41-1806(2) (Repl. 1977), which carries a maximum sentence to imprisonment of 10 years, Ark. Stat. Ann. § 41-901(d) (Supp. 1983).

Evidence showed the defendant began a sexual relationship, including intercourse, with his step-daughter when she was eleven years old and continued it until she was thirteen. The jury fixed the punishment at 40 years for rape and 10 years for first degree carnal abuse. At the close of the evidence the state's counsel asked that the sentence be to consecutive prison terms. At that point defendant's counsel asked for "an opportunity for a pre-sentence report," to which the judge repied that "having heard during testimony the background of the [d]efendent," he had "sufficient facts" and that the "motion for a pre-sentence report" was denied.

The only point raised on appeal is a contention that the judge abused his discretion in "refusing to consider a pre-sentence report."

It is not clear from the record or the briefs whether the appellant's counsel was asking for a continuance to permit

him to have a report prepared or moving the court to have a pre-sentence investigation conducted pursuant to Ark. Stat. Ann. § 41-804 (Repl. 1977). Presumably it was a motion for a continuance, as Section 41-804 authorizes a pre-sentence investigation if punishment is fixed by the court, and not if punishment is fixed by the jury as in this case. *See* Ark. Stat. Ann. § 41-802 (Repl. 1977), 30 Ark. L. Rev. 222, 227-228 (1976).

The only case cited by the appellant is *Killman* v. *State,* 274 Ark. 422, 625 S.W.2d 489 (1981), which held that it was not error for the trial judge to refuse to permit evidence of mitigating circumstances to be presented to the jury, as evidence in mitigation goes to the court which must consider possibilities of probation or suspension of the imposition of a sentence.

*Beed* v. *State,* 271 Ark. 526, 609 S.W. 2d 898 (1980), was more like this case. It was tried to a jury which fixed the punishment, and the court sentenced the appellant there to long, consecutive terms of imprisonment. Although the conviction was reversed on other grounds, with respect to the appellant's point objecting to failure to have a pre-sentence investigation or report to determine any mitigating circumstances this court said:

> The resort to presentence investigation is discretionary with the trial court. Since the court made a life sentence, a 50 year sentence and a 10 year sentence run consecutively, it might have been the better practice to first have a presentence investigation, but we find no abuse of the trial court's discretion in this case. [271 Ark. at 548, 609 S.W.2d at 913].

*See also Brown* v. *State,* 278 Ark. 604, 648 S.W.2d 67 (1983).

As in the *Beed Case,* given the nature of the offense and the punishment fixed by the jury, it would have been better practice for the court to have permitted the appellant to prepare and submit a pre-sentence report. In deciding the prison terms were to run consecutively, the trial court made reference to the evidence he had already heard. It thus

appears he exercised·his discretion and did not just mechanically make the sentences consecutive. *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980). Nothing in the record shows an abuse of that descretion.

Affirmed.