David Charles STEPHENS *v.* STATE of Arkansas

CR 87-55                                        738 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*Robert C. Marquette*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case involves a criminal episode which resulted in appellant being convicted of three crimes, kidnapping, robbery and rape. In August 1985, appellant robbed an EZ Mart in Sebastian County and fled the scene in the car of a female employee, whom he forced by gunpoint, to accompany him. He drove to someplace in Crawford County, stopped on a dirt road and raped the employee. On December 5, 1985, appellant was convicted of robbery and kidnapping in the Sebastian County Circuit Court. On March 21, 1986, he was convicted of rape in the Crawford County Circuit Court from which he brings this appeal. Appellant was represented by different attorneys in the Sebastian and Crawford County trials. He raises two points for reversal: (1) his Crawford County rape conviction violated his constitutional rights against double jeopardy because it arose out of the same conduct or criminal episode that already had resulted in his robbery and kidnapping convictions in Sebastian County; and (2) his motions for production of a

transcript and for a continuance were wrongfully denied by the trial court.

Appellant, citing *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986), first argues that the double jeopardy clause of the United States Constitution protects him against multiple punishments for the same offense and that, under that clause and A.R.Cr.P. Rule 21.3, the state was barred from prosecuting him at the second trial on the rape charge. From our review of the abstract of record, we cannot find that the double jeopardy and Rule 21.3 issues were raised or ruled on by the trial court. Therefore, appellant's first point, being raised the first time on appeal, is not properly before the court. *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981).

Appellant next contends the trial court erred in denying his motions for the transcript of the prior Sebastian County trial and for a continuance. We cannot agree. Here, appellant argues that the trial court's denial of the motions (1) caused his inability to adequately prepare for trial and (2) rendered him unable to determine whether appellant's attorney in the Sebastian County trial had filed a joinder motion. At trial, appellant made no mention of his attempt to determine if a joinder motion had been filed in the earlier trial. Again, such an argument would have been based upon Rule 21.3 and whether, under that rule, he had requested or waived his right of having the related offenses joined in one trial. That issue simply was not presented below and cannot be considered here. *Vasquez* v. *State*, 287 Ark. 468, 702 S.W.2d 411 (1986) (supplemental opinion on denial of rehearing).

We note, too, that appellant provides no record concerning whether his counsel in the Sebastian County proceeding had filed a joinder motion. Nor does he show that he made any efforts to obtain that information to support his transcript and continuance motions, except to say he could not acquire it without the Sebastian County trial transcript, which he was denied by the trial court. As the state points out, appellant had other means without ordering a full transcript of the Sebastian County trial, by which he could establish whether a joinder motion had been filed. In any event, the record is not sufficient for this court to address the joinder issue even if it had been argued below.

We are left with the question of whether the trial court's

denial of the Sebastian County transcript otherwise caused him to be inadequately prepared for the Crawford County trial which, in turn, made it prejudicial error for the trial court to deny him a continuance. Counsel was notified of his appointment to represent the appellant on February 19, 1986, and at the same time, the court informed counsel that the trial date was March 21, 1986. Appellant's counsel requested the Sebastian County transcript and moved for a continuance on March 17, 1986, four days before trial. By letter dated March 18, 1986, the trial judge ruled against counsel's motions, noting counsel had access to the state's complete files, including all the witnesses's statements, and ruling the best interest of the administration of justice would not be served by the postponement of the trial.

■■ The denial of the motion for continuance is within the sound discretion of the trial court, and the court's ruling will not be reversed absent a clear abuse of that discretion. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986). The burden is on the appellant to establish that there has been an abuse of that discretion. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). Appellant fails to show such abuse of discretion.

For the reasons stated above, we affirm.