Graves HARRISON, Jr. *v.* STATE of Arkansas

CR 90-98                                              796 S.W.2d 329

Supreme Court of Arkansas
Opinion delivered September 24, 1990
[Rehearing denied October 29, 1990.]

*Honey & Honey, P.A.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Graves Harrison, Jr., the appel-

lant, was convicted of eight counts of theft. Harrison was the manager of the Hope Grain Drying Cooperative. Testimony presented to the jury showed that Harrison engaged with others in a scheme whereby he made out eight checks on the cooperative supported by false rice and soybean receipt entries. The checks were cashed by persons who received a percentage of the money, and Harrison received the remainder. The jury found him guilty on each count and recommended a sentence, which the court imposed, of ten years imprisonment and a fine of $15,000 on each count. The decision is affirmed. Additional facts will be discussed as we consider each of Harrison's nine points of appeal.

### 1. Discovery failure; ineffective assistance

■ Harrison's trial counsel filed a discovery motion, and the prosecution responded by stating an open file policy. The lawyer viewed the file and announced to the court that he was satisfied with the prosecution's response to his request. There was thus no objection at the trial to the prosecution's response to the discovery request. We do not consider on appeal an issue not presented to the trial court. *Willis* v. *State*, 299 Ark. 356, 772 S.W.2d 584 (1989).

Harrison's appellate counsel argues, without citation of authority, that Harrison is not bound by his trial counsel's statement because trial counsel had sought to be relieved of the case. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981), is cited for the proposition that the open file policy is not a satisfactory discovery response. There we pointed out that such a policy may save time for the prosecution and defense but it may hinder a reviewing court's effort to know precisely what was furnished to the defense and thus whether Ark. R. Crim. P. 17.1 was followed.

■ The argument here boils down to a contention that the conviction should be reversed because trial counsel was ineffective, a contention which cannot be raised for the first time on direct appeal of the judgment. Allegations of ineffective assistance of counsel may not be raised for the first time on appeal. *Carrier* v. *State*, 278 Ark. 542, 647 S.W.2d 449 (1983); *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). In those cases we pointed out that the proper method of raising the issue of ineffective assistance of counsel was spelled out in Ark. R. Crim. P. 37. It is now found in Rule 36.4. *Whitmore* v. *State*, 299 Ark.

55, 771 S.W.2d 266 (1989).

### 2. Denial of continuance

Harrison was represented by appointed counsel at the trial. On the day the trial was to begin, appointed counsel moved for a continuance on the ground that Harrison had arranged a loan from a friend and wished to hire other counsel. The court inquired whether the appointed counsel was ready to try the case. He said he was, and the motion was denied as untimely.

On appeal Harrison argues he was denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution. That argument was not made to the trial court, and thus we will not consider it. *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989).

Denial of continuance is not error unless it amounts to an abuse of discretion. *Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986). Once competent counsel has been obtained, the delay involved in changing counsel must be balanced against the public's interest in the prompt dispensation of justice. *Leggins* v. *State*, 271 Ark. 616, 609 S.W.2d 76 (1980). We find no abuse of discretion.

### 3. The number of offenses

A motion was made on behalf of Harrison to dismiss all but one of the counts of the information. The stated ground was that the obtaining of money through the unauthorized checks was a "continuing course of conduct" and amounted to only one offense, citing Ark. Code Ann. § 5-1-110 (1987). The statute prohibits conviction of more than one offense if, "[t]he conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted. . . ." In response the prosecution argued that each check represented a separate event and that, but for two of them, each was written on a different date. The court inquired whether the two checks written on the same date were cashed at different times, and the response of Harrison's counsel was that they were "separate events."

On appeal, Harrison's argument differs materially from that accompanying his motion. He now contends that because the checks were cashed on three separate dates, there

should have been three charges rather than eight. The material shift is from emphasis on a continuing course in misusing the checks to the cashing of them on only three dates. A party may not change the ground of objection from the one made at trial to a different one on appeal. *Taylor* v. *State, supra*; *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988); *Vasquez* v. *State*, 287 Ark. 473-A, 702 S.W.2d 411 (Supp. opinion on denial of rehearing, 1986).

### 4. *Appointment of experts*

Harrison asked the court to appoint a certified public accountant and a person familiar with managing a grain drying business to assist him in investigating his case. The motion was denied, but not until the court had ascertained that there would be no testimony about complicated grain drying operations or financial transactions. Harrison acknowledges that the decision whether to grant the request was within the discretion of the trial court, but he argues the denial of the motion was prejudicial because the request was a reasonable one.

We can find nothing about this case requiring the testimony of such experts, and thus we find no abuse of discretion.

### 5. *Biasing the jury*

The judge asked prospective jurors if they would be embarrassed if the decision turned out to be contrary to the testimony of a witness or witnesses they might meet on the street the day after the trial. He asked, "Is there any one of you who are acquainted with one of these witnesses who feels like that knowledge is likely to cause you to be prejudiced for or against the state because of that knowledge?"

Harrison contends the question reflected a bias of the court toward the prosecution case. Even if this argument could be perceived as having some merit, we would ignore it, as no objection to the court's inquiry was made at the trial. *Smart* v. *State*, 297 Ark. 324, 761 S.W.2d 915 (1989).

### 6. *Verdict form*

The argument on this point is that, instead of stating the allowable sentence for each offense in the statutory language of

"not less than five (5) years nor more than twenty (20) years," the form contained a blank line with "(5-20 years)" beneath it. Instead of providing for a fine "not exceeding fifteen thousand dollars ($15,000)" the form contained a blank line and "(up to $15,000)" beneath it.

Here again, even if there were some merit to this point, no such objection was made at the trial, and we will not consider the argument.

### 7. Denial of new trial motion

After the jury returned its verdict, Harrison's counsel sought to inquire about an alleged friendship between the jury foreman and the chairman of the board of the cooperative. The court refused to permit further voir dire of the juror.

In making the objection, Harrison's counsel stated that information had come to him "during the trial" that the juror might be biased. The objection was thus clearly untimely and thus cannot be the basis for reversal. *Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989).

### 8. Refusal to require pre-sentencing report

The court denied Harrison's request to have a pre-sentencing report prepared so that the court could learn of Harrison's clean record. We need only point out here that there is nothing in the statute on pre-sentencing reports, Ark. Code Ann. § 16-90-105(b) (1987), which could be considered as making them mandatory. Subsection (a) of the statute provides that after a finding or verdict of guilty has been returned, sentencing may occur. Subsection (b) provides that the court may receive a pre-sentencing report or evidence in mitigation. Clearly the decision whether to permit such evidence is within the discretion of the judge, and we find no abuse in these circumstances.

### 9. Error in the commitment order

Some confusion occurred when the judge pronounced the sentence. However, it was satisfactorily resolved when the judge clearly stated that he meant Harrison to have consecutive ten-year sentences on the first four convictions and consecutive sentences on the other four as well, but that the two effective 40-

year terms were to run concurrently to each other. The sentence was thus to total 40 years.

The original commitment order provided for an 80-year sentence. Both the state and Harrison recognized that the order was in error. On September 10, 1990, we granted the state's motion to supplement the record with a corrected commitment order stating that the sentence to imprisonment is for 40 years.

Affirmed.