Richard RISCHAR *v.* STATE of Arkansas

CR 91-190                                     821 S.W.2d 25

Supreme Court of Arkansas
Opinion delivered December 23, 1991
[Rehearing denied January 21, 1992.]

*Larry J. Steele*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On November 15, 1990, the appellant, Richard Rischar, was convicted in the Municipal Court of Paragould, Greene County, Arkansas, of DWI First Offense and sentenced to ten days in the county jail, with nine days suspended on the condition he complete DWI School and with the option to perform 24 hours public service work in lieu of the remaining jail sentence, fined $350.00, ordered to pay all costs of prosecution, and had his driver's license suspended for 90 days.

Rischar appealed to the Greene County Circuit Court, and on May 28, 1991, the trial court affirmed the judgment when Rischar and his attorney failed to appear for the scheduled trial date.

Now, on appeal, Rischar contends that 1) the trial court erred in affirming the municipal court's sentence without his having the benefit of a trial, and 2) the trial court erred in denying his motion to set aside the judgment. We disagree and affirm the judgment of the trial court.

Initially, Rischar argues that the trial court erred in affirming the municipal court's sentence without his having the benefit of a trial and relies on *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989), Ark. Code Ann. § 16-17-703 (Supp. 1989), and Ark. Const. Art. 2, §7, for the proposition that he is entitled to the right to a jury trial in his appeal to the circuit court.

While Rischar is correct in his assertion, Ark. Code Ann. § 16-96-508 (1987) addresses judgment on default when a party to trial fails to appear and provides in pertinent part as follows:

> If the appellant shall fail to appear in the circuit court when the case is set for trial . . . then the circuit court may, unless good cause is shown to the contrary, affirm the judgment . . . and enter judgment against the appellant for the same fine or penalty that was imposed in the inferior court, with costs. This judgment shall have the same force and effect as other judgments of the circuit court in cases of

convictions or indictments for misdemeanors.

The trial court complied with article 2, §7 by setting Rischar's case for trial by jury; yet, it was Rischar's actions in failing to appear at trial that precluded him from exercising that right. Rischar's attorney claimed, by way of explaining why he and Rischar failed to appear at the scheduled trial date, that he had an agreement with the prosecutor to try the case on May 30, 1991; however, the prosecutor denied this contention and relied on the trial court's docket setting the trial for May 28. At the hearing on the motion to set aside the judgment, the trial court succinctly noted that ". . . it was fairly clear to the court that this case was clearly set on May 28th. . ." and ultimately determined that Rischar's attorney had not shown just cause to set aside the judgment.

The court controls the trial calendar and provides for the scheduling of cases upon the calendar, Ark. R. Crim. P. 27.2, the setting of which is tantamount to a direct order of the court. Recently, in *Sphere Drake Ins. Co. v. Bank of Wilson*, 307 Ark. 122, 817 S.W.2d 870 (1991), we noted that although Ark. R. Civ. P. 55(c) authorized a trial court to set aside a default judgment upon a showing of excusable neglect, unavoidable casualty, or other just cause, where the appellant in that case was faced with a court order to answer interrogatories within ten days or face default, it was irrelevant whether appellee's counsel objected to the appellant's stated intention not to file responses because the appellee's attorneys did not have the authority to authorize the appellant to flaunt a court order. The same holds true in this case, regardless of an agreement, if any, between the attorneys as to a different date for trial. Simply put, attorneys do not have the authority to vary a trial date set by the court.

■ Rischar's case was set by the court for trial on May 28; neither party filed a motion for continuance or otherwise notified the trial court of a desire to change the scheduled trial date. On May 28, the prosecutor announced ready for trial, but Rischar and his attorney failed to appear. Consequently, the trial court acted within its discretion in affirming Rischar's conviction. To hold otherwise would be to let the attorneys flaunt the trial court's order.

Intertwined with Rischar's first point of error is his second

argument that the trial court erred in failing to grant his motion to set aside the judgment because he showed good cause for not being present at trial. He asserts the same explanations as to why he was not present for the scheduled trial date, with the addition of a claim that the State did not have anyone subpoenaed who had seen him driving. The prosecutor countered this claim with assurances to the trial court that the absence of these witnesses would not have affected the case. We do not address this second issue inasmuch as Rischar has not shown good cause for not being present at trial.

Accordingly, the judgment of the trial court is affirmed.