Thomas MILLER *v.* STATE of Arkansas

CR 91-271                                              827 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered April 6, 1992

*Honey & Honey, P.A.*, by: *Charles L. Honey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Thomas Miller was charged with four counts of violating the Arkansas Controlled Substance Act involving possession with intent to deliver cocaine and marijuana on March 1 and October 31, 1990. One count of possession of marijuana was dismissed by nolle proseque and the jury returned a verdict of guilty on the remaining counts, imposing consecutive sentences of fifty years in the aggregate. On appeal Thomas presents four points of error, none of which prevail.

I

The first assertion of error has to do with the denial of a motion for a mistrial prompted by remarks of counsel for the state during the opening statement. Evidently, the prosecutor referred to a drug charge pending against Thomas in Louisiana charging him with possession of cocaine on October 22, 1990. Counsel for the defendant objected on the ground that Thomas was not yet convicted and there was an extended conference with the trial judge at the bench, the outcome being that the judge sustained the objection, instructed counsel to avoid further reference to the Louisiana charge, and reserved judgment as to whether some collateral aspects of the incident might be admissible later in the

trial. Defense counsel at that point moved for mistrial, which was denied.

■ The remarks themselves are not reported, only the discussion which followed. Whether they were proper under Ark. R. Evid. 404(b), relevant to intent, as the prosecutor argued, or improper, as appellant contends, need not concern us. The trial court sustained the objection and no further comment was made. We have frequently held that mistrial is a drastic recourse and should be ordered only when the fundamental fairness of the trial itself has been manifestly affected. *Snell* v. *State*, 290 Ark. 501, 721 S.W.2d 628 (1986). The trial judge instructed these jurors according to AMI 101 that statements of counsel were not to be treated as evidence and any such statements not supported by the evidence should be disregarded. We think that admonition was entirely adequate to the occasion.

## II

A second argument concerns a segment of appellant's testimony during cross-examination.

Q. Mr. Miller, isn't it true that the reason that you are in this van is that you didn't want your car to be taken from you, do you? You don't want to lose any of your property in the cocaine business. Isn't that right?

A: I lost my property.

Q: Up here?

A: Yes.

Q: Which property did you lose up here?

A: The '89 GMC.

Q: When did that happen?

A: No. No, I take that back. No, I didn't lose any.

Q: You lost that some place else.

A: I lost that some place else.

Q: You didn't lose the vehicle up here did you?

A: No.

■ Appellant argues that this testimony, coupled with the prosecutor's reference to the Louisiana charge, is so prejudicial as to mandate a reversal. That seems debatable at best, but the problem is there was no objection at any point in the appellant's cross-examination. Few tenets are more firmly established than the rule requiring a contemporaneous objection in order to preserve a point for review on appeal. *Watson* v. *State*, 290 Ark. 484, 720 S.W.2d 310 (1986).

### III and IV

■ Appellant's final arguments are that the evidence was not sufficient to sustain the convictions on Count II (possession of cocaine on October 31, 1990, with intent to deliver) and on Count III (possession of marijuana on March 1, 1990, with intent to deliver). We do not address these arguments because they are procedurally barred for lack of a motion for a directed verdict at the close of the case. Ark. R. Crim. P. 36.21(b).

Affirmed.