Randy WINKLE *v.* STATE of Arkansas

CR 92-225                                      841 S.W.2d 589

Supreme Court of Arkansas
Opinion delivered November 2, 1992

*Bill Murphy,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case is whether the accused waived his right to a jury trial. Appellant was charged by citation in circuit court with the felony of driving while intoxicated, third offense, and with the misdemeanors of driving on a suspended driver's license and hindering apprehension or prosecution. The charging instrument is not at issue. The circuit clerk gave written notice to appellant and his attorney that his case had been set for non-jury trial on a particular date. The clerk's notice also provided:

> Defendant is hereby advised under Art. 2 Sec. 10 Ark. Constitution and ARCP-31, that he has the right to a trial by jury rather than the Court. If Defendant desires a jury trial, written notice with a copy to the Second Division Circuit Judge, shall be filed at least 10 days before the above date of trial; otherwise your right to jury trial will be waived.

Neither appellant nor his counsel asked for a jury trial and, at his non-jury trial, neither objected to proceeding without a

jury. Appellant was convicted of driving while intoxicated, third offense, and hindering apprehension. He appeals and argues that the procedure violated his state constitutional right to a jury trial. The argument is meritorious, and, accordingly, we reverse and remand.

■ Article 2, section 10 of the Constitution of Arkansas provides: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury. . . ." Article 7, section 43 makes this provision inapplicable to criminal proceedings in municipal court, but "such right . . . remains inviolate when they pursue their appeal to circuit court where their case is tried *de novo.*" *Edwards* v. *City of Conway,* 300 Ark. 135, 138, 777 S.W.2d 583, 584 (1989). In syntax with the above, Article 2, section 7 provides: *"The right of trial by jury shall remain inviolate, . . . but a jury trial may be waived in the manner prescribed by law."* [Emphasis supplied.]

The first phrase of this section, "The right of trial by jury shall remain inviolate," stood alone in the 1836 constitution, the statehood constitution; in the 1861 constitution, the secession constitution; in the 1864 constitution, the military constitution; and in the 1868 constitution, the reconstruction constitution. It was not until the 1874 constitution, the present constitution, that the second phrase providing for waiver was adopted. We interpreted the first phrase, standing alone as it did in our first four constitutions, to mean that the right of trial by jury cannot be violated in criminal cases. The phrase means that a defendant in a criminal case, whether a misdemeanor or felony, simply cannot waive a jury trial. *Wilson* v. *State,* 16 Ark. 601 (1855); *Bond* v. *State,* 17 Ark. 290 (1856); *Oliver* v. *State,* 17 Ark. 510 (1856); *Cooper* v. *State,* 21 Ark. 228 (1860); *Cason* v. *State,* 22 Ark. 214 (1860); *Bennett* v. *State* 22 Ark. 215 (1860) (This six line opinion also reversed four additional cases for the same reason.)

In 1874 we adopted the second phrase, "but a jury trial may be waived in the manner prescribed by law." Four years later, in *Lester* v. *State,* 32 Ark. 722 (1878), we said that the phrase means precisely what it says; that a defendant can waive a jury trial in the manner provided by statute.

■ The two phrases of the section taken together mean that the accused's right of trial by jury shall not be violated unless that

right is waived in the manner provided by law. In *Moore* v. *State*, 241 Ark. 335, 407 S.W.2d 744 (1966), we said this section means that a defendant is entitled to a jury trial in circuit court unless he waives that right in accordance with the governing statute. In *Scates* v. *State*, 244 Ark. 333, 337, 424 S.W.2d 876, 879 (1968), we wrote, "While the Arkansas Constitution provides in Article 2, section 7, for the right of trial by jury, it also provides for waiver of this right under the same provision in accordance with Ark. Stat. Ann. § 43-2108, *supra*."

■ The word "waiver" means an intentional relinquishment of a known right. *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938). It is the doing of an intentional act. A "waiver in the manner prescribed by law" is now governed by two of the Arkansas Rules of Criminal Procedure. The first, Rule 31.1, provides: "No defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court." The second rule, Rule 31.2, provides: "Should a defendant desire to waive his right to trial by jury, he must do so personally either in writing or in open court. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury shall be made and preserved." In *Fretwell* v. *State*, 289 Ark. 91, 94, 708 S.W.2d 630, 632 (1986), we wrote: "Criminal cases which require trial by jury *must* be so tried unless (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two requirements are mandatory before the court has any discretion in the matter."

■ Recently, in *Elmore* v. *State*, 305 Ark. 426, 427, 809 S.W.2d 370, 370 (1991), we held that pursuant to the constitution and these two rules a defendant is *"entitled to be tried by a jury without even making such a motion."* [Emphasis added.] The holding is the common sense reading of the constitution and the rules of criminal procedure.

The constitution provides the only manner in which the right to a jury trial in a criminal case can be violated, and that is by waiver "in the manner prescribed by law." This makes applicable the doctrine of *expressio unis est exclusio alterius*, which means that because one exception is expressed, others are excluded. We first applied the doctrine in *Hall* v. *State*, 1 Ark. 201 (1838), and

have continued to apply it through the years.

▉ The only real question is whether the loss of the right to a jury trial can be questioned without a contemporaneous objection. The constitution and the rules of criminal procedure provide the only way a waiver can occur. In *Johnson* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975), we held that, even though the appellant's motion for a jury trial was not timely, such was of no moment with respect to the absolute jury trial right which is accorded to a defendant in a circuit court unless it is waived. *Accord Elmore* v. *State*, 305 Ark. 426, 809 S.W.2d 370 (1991). The court of appeals in *Bussey* v. *Bank of Malvern*, 270 Ark. 37, 43, 603 S.W.2d 426, 430 (Ark. App. 1980) wrote:

> We believe that the trial court erred in taking the case away from the jury and that this case should be reversed irrespective of the fact that counsel for appellant failed to object to the error. We agree with appellants' contention that the right to jury trial is a constitutional right which is so fundamental that the rule that cures error where counsel fails to object ought not be readily applied to the denial of rights protected in the Constitution of Arkansas and described therein as "inviolate." (Ark. Con. Art. 2, Section 7) Procedural rules governing jury trials are not intended to diminish the right to a jury trial. These rules should be interpreted so as not to give effect to dubious waivers of rights.

This sagacious statement was correct when written, and it is correct today. To hold otherwise would be holding that a rule of appellate procedure supersedes an express provision of the constitution.

▉ The State also argues that our holding in this case is in violation of the holding set forth in *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). We think not. The right to jury trial is part of the basic structure of our courts. Every judge, on his own motion, should accord such a basic right. In *Wicks* v. *State*, *supra*, we set out various exceptions to the contemporaneous objection rule, and we provided that the rule is not applicable when the trial court should intervene on its own motion to correct a serious error. This is such a serious error. The right to a trial by jury in a criminal case is a fundamental right of our jurisprudence

and is recognized by the Magna Charta, the Declaration of Independence, the federal constitution, and our state constitution.

■ ' It is also argued that our holding in this case conflicts with our holding in *Rischar* v. *State*, 307 Ark. 429, 821 S.W.2d 25 (1991). Again, we think not. In *Rischar* the defendant was convicted in municipal court, appealed to circuit court, and failed to appear there for his scheduled jury trial. The circuit court affirmed the municipal court judgment. The defendant appealed the circuit court's ruling to this court. We affirmed. Section 16-96-508 of the Arkansas Code Annotated of 1987 authorizes a circuit court to affirm the judgment of a lower court if the appellant fails to appear when his case is scheduled for trial. Thus, when an appellant fails to appear in circuit court, he waives his right to a jury trial "in the manner prescribed by law."

The State also argues that in *Griggs* v. *State*, 280 Ark. 339, 658 S.W.2d 371 (1983), we held that a defendant must make a contemporaneous objection to preserve the jury trial issue. In that case the appellants argued only that the record did not reflect that they waived their right to a jury trial in the manner prescribed by A.R.Cr.P. Rules 31.1 and 31.2. We held that the contemporaneous objection rule would overcome Rules 31.1 and 31.2 standing alone, but we expressly noted that the appellants did not make an argument based upon the constitution. Thus, the case is clearly distinguishable from the case at bar.

Reversed and remanded for trial.

HAYS, GLAZE, and BROWN, JJ., dissent.

TOM GLAZE Justice, dissenting. To reverse this case borders on the absurd.

Clearly, Mr. Randy Winkle had a right to appeal his municipal court convictions for DWI, third offense, hindering apprehension and suspended driver's license to the Grant County Circuit Court. In fact he appeared with counsel in the circuit court, and received a de novo trial by the trial judge sitting without a jury. In advance of trial, Winkle was notified in writing by the court that he had a constitutional right to trial by jury, and if he desired a jury, Winkle should notify the court at least ten days before the trial date, otherwise his right to a jury trial would

be waived.

Neither Winkle nor his attorney requested a jury trial. Nor did they object at trial to his being tried by the court without a jury. Instead, he waited to raise the jury trial issue only after he was again convicted, sentenced to nine days in jail, fined $1,750 and had his driver's license suspended. In sum, Mr. Winkle lost his case before the trial judge, and now on appeal, he cites *Elmore* v. *State*, 305 Ark. 426, 809 S.W.2d 370 (1991), and argues for the first time that he was entitled to a jury trial below. Even now, the appellant does not ask for the remedy given by the majority, that is, to have his case remanded for a jury trial. Instead, the appellant requests that this court reverse and dismiss his conviction.

Obviously, Winkle was entitled to a jury trial; the trial judge knew that and informed Winkle of such right. His right to a jury was in no way diminished by requiring him in these circumstances to object to proceeding against him without a jury. Allowing Winkle to lay behind the log to see first if he might obtain a favorable decision merely encourages game-playing in these cases involving municipal appeals.

Recently, our court expressed that few tenets are more firmly established than the rule requiring a contemporaneous objection to preserve a point for review on appeal. *Miller* v. *State*, 309 Ark. 117, 827 S.W.2d 149 (1992). Even a constitutional question must be raised in the trial court to be reviewable on appeal. *See Griggs* v. *State*, 280 Ark. 339, 658 S.W.2d 371 (1983). This court has applied the contemporaneous objection rule to constitutional rights such as the right to be free from double jeopardy and the sixth amendment right to present a defense. *Moore* v. *State*, 303 Ark. 514, 796 S.W.2d 329 (1990); *Harrison* v. *State*, 303 Ark. 247, 796 S.W.2d 329 (1990); *Stephens* v. *State*, 293 Ark. 366, 738 S.W.2d 91 (1987).

Undisputably, Winkle had a right to a trial by jury, *see* Ark. Const. art. 2, § 10; nonetheless, our case law is settled that if a defendant believes he or she is going to be denied that constitutional right, the defendant must enter a contemporaneous objection. Here, if Winkle had done so, the trial court would have had an opportunity to correct any error. As evidenced by its earlier pretrial notice to Winkle, the court knew Winkle was entitled to a

jury and would have assuredly granted him a jury trial.

The majority court in its opinion spends much time in discussing whether Winkle *waived* his right to a jury as provided by statute or rule. Such discussion begs the question since the issue is whether Winkle objected to a trial by the court, not whether he waived his right to a jury. By analogy, the United States and Arkansas Constitutions mandate a defendant has a sixth amendment right to present a defense. Nevertheless, if the defendant chooses not to waive such a right, the defendant must still interpose an objection if he or she is forced to trial contrary to such right.

In this case, Winkle never waived his jury trial right, but neither did he object to proceeding without one. Undoubtedly, he would have received a jury trial if he had interposed an objection at any stage of the trial court proceeding.

While recognizing Winkle's inviolate right to a trial by jury, it seems more than passing strange to allow him to sit through an entire trial without mentioning his now belated expressed interest in not having had one. To the extent the majority court relies on *Elmore*, 305 Ark. 426, 809 S.W.2d 370, this court should concede it erred and overrule that decision.

Hays and Brown, JJ., join this dissent.

Robert L. Brown, Justice, dissenting. I join Justice Glaze's dissent and add one observation. The trial court initiated the jury trial waiver issue by its written notice to the appellant and counsel. The appellant made no response. That is different from a situation where a defendant initiates the waiver under Ark. R. Crim. P. 31.2. Thus, by not availing himself of a jury trial after notice from the trial court, the appellant waived it.