MIKE MURPHY, Judge
Appellant Phillip Herren was charged in the Cleveland County Circuit Court with one count of rape and one count of possession of firearms by certain persons. The charges were severed and appellant was first tried at a bench trial for the firearm offense, which is the subject of this appeal. The court found him guilty and sentenced him to ten years in the Arkansas Department of Correction (ADC) and ten years' suspended imposition of sentence, to run concurrently. On appeal, appellant contends that the circuit court abused its discretion when it mechanically refused to order a presentence report (PSR), which appellant requested. We affirm.
*216 After the court found appellant guilty, appellant requested a PSR prior to sentencing. The court declined to grant the request, and the State went on to present appellant's criminal history to the circuit court, which included an aggravated-robbery conviction. Appellant did not dispute his criminal history but asked the court to consider his familial circumstances, including his wife's declining health and that he is a cancer survivor and is in treatment for a seizure disorder. Once both sides rested, the circuit court stated, "There is a reason that there is a law against felons being in possession of firearms and there's also a reason why there's what amounts to an enhanced penalty range when there's a violent conviction involved." The court then sentenced appellant, and this timely appeal followed.
The decision whether to permit a PSR or evidence in mitigation of sentence is within the discretion of the circuit court. Harrison v. State , 303 Ark. 247, 796 S.W.2d 329 (1990). The PSR governing statute provides that "[i]f punishment is fixed by the court, the court may order a presentence investigation before imposing sentence." Ark. Code Ann. § 5-4-102 (Repl. 2013) (emphasis added). In Scott v. State , the Arkansas Supreme Court found that the circuit court exercised its discretion and did not mechanically make its ruling where the circuit court, "having heard during the testimony the background of the [d]efendant," had "sufficient facts" and denied the PSR request. Scott , 284 Ark. 388, 389, 681 S.W.2d 915, 916 (1985).
On appeal, appellant claims that, despite timely requesting a PSR, the circuit court mechanically refused to order one and instead immediately proceeded to sentencing without providing any reasoned basis for doing so. He argues that PSRs are valuable sentencing tools and because the court chose to forgo one, it failed to consider appellant's mitigating circumstances. We do not agree.
Rather than sentencing based on a PSR, the circuit court heard both testimony and arguments regarding appellant's situation. At sentencing, the circuit court was asked to consider the age of appellant's prior convictions, his and his wife's declining health, and the State's recommended sentence of at least five years in the ADC. Before the court sentenced appellant, it provided its reasoning for its decision. Because the PSR statute is not mandatory and the court made reference to the evidence it had heard when it sentenced appellant, we hold that the court exercised its discretion in refusing to order a PSR. Nothing in the record shows an abuse of that discretion.
Affirmed.
Gladwin and Vaught, JJ., agree.