## LESTER vs. THE STATE.

1. EVIDENCE: *Confession during intoxication.*
   A confession made by a person in a state of intoxication should not, for that reason, be rejected, but he should be permitted to prove his condition at the time.

2. LARCENY:
   Under an indictment for grand larceny it is not necessary to trace the stolen goods to the defendant's possession; if he was present aiding and abetting in the larceny he is guilty.

Lester vs. The State.

ERROR to *Jefferson* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.
*Pearce*, for plaintiff in error.
*Henderson, Attorney General, contra.*

ENGLISH, CH. J.:

Daniel Lester, Jackson Taylor and Frank Holmes were jointly indicted in the Circuit Court of Jefferson County for grand larceny. They were charged with stealing, 11th July, 1877, one pair of black pants of the value of $5, one pair of grey pants of the value of $5, and one pair of brown corded pants of the value of $5, of the goods and chattels of Gabe Meyer.

They severed, Lester was tried on the plea of not guilty, convicted, sentenced to the Penitentiary for one year, and brought error.

The evidence introduced on the trial, questions of law reserved, etc., are set out in a bill of exceptions taken upon the overruling of a motion for a new trial.

Robert Lee, the first witness introduced by the State, testified in substance that he lived at Rob Roy, on Gabe Meyer's place. That one Sunday night, in June, 1877, after he had returned from church, Jackson Taylor came to his house, and wanted him to go to Gabe Meyer's store at Rob Roy. He told him he would not go, and Taylor went away. He waited about an hour, and then he went down to the store, where he found defendant Lester standing by the well, about forty yards from the store, holding four shot guns in his arms, and by his side was a sack of clothing. There was a brown suit and one black suit, and a grey suit of clothes. One suit was kerseymere, worth $15; one was worth $18. There was also a linen suit, one pair of brown jeans pants, and one pair of black cloth pants, worth $5. These were goods that witness had seen in Gabe Meyer's store, and knew

they were his goods. There was a light burning in the store at the back window, and Jackson Taylor and Frank Holmes were in the store. They asked Lester if he did not want more goods, and Lester said he had all he could carry off. Lester wanted witness to take a suit of clothes, but he refused. He stayed there about half an hour. Lester showed him a piece of iron bent up at the end, and said that it was what they pried open the window with. Witness left, and started for home, but Lester overtook him, and had the sack of clothes with him. Witness saw the clothes at his house next morning. About three or four weeks after this, witness was arrested on a charge of breaking into the store. He had on a pair of pants that he got from Frank Holmes. He then told Thad. Phillips about Lester, Taylor and Holmes breaking into the store. Never told anybody of it until after he was charged with it. Bought the pants of Holmes; thought they were stolen with the rest, but Holmes said he bought them of Rosenbury, a clerk in the store.

Thad. Phillips, clerk for Meyer, testified that the store was broken open on a Sunday night in June, 1877 ; found next morning that the window had been broken open, etc. Did not miss any goods at the time. Some time after heard that Lester, Taylor and Holmes had goods belonging to the store. Found a pair of pants on witness Lee, and charged him with breaking into the the store, and then he told on the parties indicted, and they were arrested. "When I had Lester under arrest (witness said) taking him over to the justice's office, he said he was engaged in taking the goods, and was willing to pay for taking all he had. We found none of the goods, said to have been stolen, on Lester, or on his premises. We found one pair of pants on Bob Lee, two pairs of pants on Holmes, and a shirt on Taylor; thought they were the property of Meyer; they were like goods in his store. Lester did not say what things he took; did not say he took any

of the things described in the indictment; he merely said he and the others took the goods."

"Defendant offered to prove by this witness that at the time the alleged confession was made, he was in such a state of intoxication as to be irresponsible for anything he said, and not in his right mind."

Objected to by the State, and objection sustained by the court.

Joseph Robinson, a witness for defendant, after testifying as to other matters not material to be stated, said he saw Lester, Taylor and Holmes on the day of their arrest.

For defense: "What was the condition of Lester, as to being intoxicated, and being in a rational condition of mind when under arrest, and in charge of Thad. Phillips?"

Objected to on the part of the State, and objection sustained by the court.

*First*—The refusal of the court to permit plaintiff in error to prove that he was intoxicated when he made the confession proven by witness Thad. Phillips, was assigned as cause for a new trial.

In *Rex* v. *Spilsburg, Ferrall et al.*, 7 Carrington & Payne, 187, the prisoners were indicted for the wilfull murder of Joseph Johnson. It appeared that the prisoner Ferrall had made a statement to a constable, in whose custody he was, but that he was drunk at the time, and it was imputed that the constable had given him liquor to cause him to do so. Ludlow, Serjt., objected that what a prisoner said under such circumstances was not receivable in evidence.

Coleridge, J.: "I am of opinion that a statement being made by a prisoner when he was drunk is not therefore inadmissible as evidence against him; and that, to render a confession inadmissible, it must either be obtained by hope or fear. This is

matter of observation for me, upon the weight that ought to attach to this statement when it is considered by the jury."

The statement was received. See also 1 Greenleaf Ev., sec. 229.

In *Jefferds* v. *The People,* 5 Parker's Crim. Rep., 547, the Recorder said : "I have been asked to say to you (the jury) substantially, that confessions, made by a man when drunk, are not entitled to be received. That, in my opinion, is not good law. I have never, in all my reading, found a case which would countenance the doctrine that a confession, made when a man was drunk, was not entitled to be received as evidence. * * * * Where a man voluntarily, whether sober or drunk, makes a confession or admission, etc., the confession is entitled to be received in evidence, and the only question for the jury is, as to the weight to be given to it, and that is more or less affected by the state of the mind of the party making it, and the probability of the truth of the confession."

A man drunk may, and no doubt often does, let out the truth, but he make statements which are the mere vageries of a disordered mind.

If the plaintiff in error was intoxicated at the time he made the confession to witness Phillips, though the confession was admissible in evidence, the court should have permitted him to prove his condition at the time, which the jury might have taken into consideration in determining what weight they would attach to his confession.

*Second*—The court, at the instance of the State, instructed the jury :

I. "If you believe from the evidence that the defendant, Daniel Lester, did either by himself or in connection with others, steal, take and carry away the property of Gabe Meyer of the value of two dollars, as alleged in the indictment, they will find

Lester vs. The State.

him guilty of grand larceny, and assess his punishment in the State Penitentiary for a term of not less than one nor more than five years.

II. "The admissions of the defendant are entitled to the same weight as other evidence."

The Act approved 23d January, 1875 (Acts of 1874-5, p. 112), provides that: "Whoever shall be guilty of larceny, when the value of the property stolen exceeds the sum of two dollars, upon conviction thereof, shall be punished by imprisonment in the Penitentiary not less than one nor more than five years, and when the value of the property stolen does not exceed the sum of two dollars, by imprisonment in the county jail not more than one year, and by fine not exceeding three hundred dollars."

The court below no doubt very well understood the difference between grand and petit larceny, under this statute, but inadvertently used the words "of the value of two dollars," omitting the word, exceeding.

The admissions or confessions of a party are entitled to more or less weight according to the circumstances under which they are made. The rule on the subject is to be found in any text book on evidence.

Had the court below permitted plaintiff in error to prove that he was intoxicated when he made the confession to Phillips, it might or might not have detracted from its weight with the jury.

*Third*—The court gave all of the instructions moved for plaintiff in error, but the fifth, which was as follows:

"The property alleged to have been stolen must be clearly identified as the property described in the indictment; that it was the property of Gabe Meyer, and was stolen by the defendant, and the property must be traced to the possession of the defendant, and unless the jury find these facts proven clearly, beyond a reasonable doubt, they must acquit the defendant."

If plaintiff in error was present, aiding and abetting, when Taylor and Holmes entered the store, he was guilty of the larceny, whether any of the stolen goods were traced to his possession or not.

The court properly refused to give the instruction as framed.

Whether the jury could have convicted plaintiff error in upon the testimony of Robert Lee alone, who seems to have rested under suspicion of being connected with the theft, we do not know. No doubt the confession of plaintiff, as proven by Thad. Phillips, had weight with the jury in making up their verdict. How far the weight of the confession might have been lessened, in the minds of the jurors, had it been proven that he was more or less drunk when the confession was made, is matter of conjecture. We cannot undertake to affirm that the prisoner was not prejudiced by the exclusion of the proposed evidence as to his condition at the time the confession was made. We therefore think it better and safer to reverse the judgment and remand the cause for a new trial.