Lyndale WALKER *v.* STATE of Arkansas

CR 77-143                                    556 S.W. 2d 655

Opinion delivered October 24, 1977
(Division I)

*James E. Davis,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon being convicted of the felonies of burglary and theft of property the appellant was given concurrent sentences of 15 and 5 years' imprisonment. He argues seven points for reversal.

First, there is no merit in the argument that Walker was subjected to double jeopardy and denied a speedy trial. At the first trial of the case an incident occurred during a recess that led Walker's attorney to ask for a mistrial. The State did not resist the motion. After the mistrial had been granted and the jury had been discharged, Walker himself asked that a mistrial not be declared. Of course, it was then too late for

that request to be granted, as the jury had been discharged; so the court denied Walker's request.

The court's action was plainly proper, for in a matter of this kind the defendant must be bound by his attorney's judgment with regard to the motion for a mistrial. That the State acquiesced in the motion confirms the correctness of defense counsel's position. Hence there was neither double jeopardy nor a denial of a speedy trial, for the time ran anew after the declaration of a mistrial. Rule 28.2 (c), Rules of Criminal Procedure (1976). It is conceded that the case was retried within the time allowed by Rule 28.1 (a).

Second, the proof is amply sufficient to support the convictions. A grocery store was burglarized. The sheriff promptly responded to a call to investigate. As he neared the scene he saw and recognized Walker and his codefendant in a car that left the highway and entered a dirt road that went through the woods to a deer camp and on past it to a highway. The sheriff followed the car for a short distance and then turned back to pursue his investigation. He quickly obtained a list of the stolen property and went to the far end of the dirt road in an effort to head off the two men.

Owing to a rain during the night, tracks on the road were readily visible. As the sheriff drove down the road from the far end he reached a point at which fresh tracks showed that a car had stopped and turned around. Footprints showed that someone had alighted from each side of that car. Nearby the sheriff found a concealed sack containing much of the property that had been stolen from the grocery store. There is other evidence indicating Walker's guilt. The State's proof was more than sufficient to establish a prima facie case.

Third, the court did not err in not instructing the jury with respect to the lesser included offense of theft of property worth not more than $100. In view of the undisputed proof that property worth from $320 to $800 was taken in the burglary, there was no rational basis for a verdict acquitting Walker of the greater offense and convicting him of the lesser offense. Consequently, the court was not obligated to submit the lesser offense. Ark. Stat. Ann. § 41-105 (3) (Crim. Code

1976). Furthermore, there was actually no clear-cut request that such an instruction be given, nor any proffer of a correct instruction stating the theory of the defense.

Fourth, there was likewise no error in the court's refusal to instruct the jury with regard to the range of punishment if the jury did not find that Walker had two or more previous convictions. Not only was there no timely request for such an instruction, but the State introduced proof of five previous convictions, at least two of which were admitted by the defendant. Thus there was no basis for a jury finding that Walker had not been previously convicted two or more times.

Fifth, the remaining three arguments do not have enough apparent merit to warrant discussion. As to point 5, there was no request for the instruction that the appellant now says should have been given. As to points 6 and 7, the pertinent parts of the record have not been abstracted, and the facts mentioned in the brief fall decidedly short of indicating that there was prejudicial error with regard to either point.

Affirmed.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.