Bobby Joe ELMORE *v.* STATE of Arkansas

CR 91-6 809 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered May 6, 1991
[Supplemental Opinion on Denial of Rehearing June 10, 1991.]

*Gammill Law Offices*, by: *Randall L. Gammill*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Bobby Joe Elmore, the appellant, was convicted in Carlisle Municipal Court of driving his car left of center in violation of Ark. Code Ann. § 27-51-301 (1987). He appealed to the Lonoke County Circuit Court and sought a jury trial both by written pretrial motion and orally on the day of trial. He was tried by the Court *de novo* without a jury and convicted. The only issue on appeal here is whether Elmore's constitutional right to a jury trial was violated. The State concedes Elmore had a right to jury trial in the Circuit Court but argues that we cannot consider the issue because Elmore did not get a ruling from the Circuit Court on his motion. We hold Elmore was entitled to be tried by a jury without even making such a motion, and thus the judgment is reversed and the case is dismissed.

Arkansas Const. art. 2, § 7, provides, "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law.. . ." Arkansas R. Crim. P. 31.1 provides that there may not be a waiver of the right without the assent of the prosecutor and the approval of the court. Rules 31.2 and 31.3 provide the manner in which waiver is accomplished in other than capital cases.

It does not matter that the offense in this case was a misdemeanor. In *Johnston* v. *City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975), Johnston appealed her speeding conviction from a municipal court to a circuit court where she was again tried and convicted. Her motion for trial by jury was overruled. On appeal to this Court, the State, among other arguments, contended Johnston had waived her jury trial right because her motion was untimely. We held the argument was without merit, solely on the basis of Ark. Code Ann. § 16-89-108 (1987), subsection (a) of which provides:

> In all criminal cases, except where a sentence of death may be imposed, trial by a jury may be waived by the defendant, provided the prosecuting attorney gives his assent to the waiver. The waiver and the assent thereto shall be made in open court and entered of record. In the event of waiver, the trial judge shall pass both upon the law and the facts.

We thus held that a procedural lapse which might have been fatal

427-A

to an appellant's case in a different context was of no moment with respect to the absolute jury trial right which is to be accorded to a defendant in a circuit court unless it is waived. We also pointed out in that case that when an appeal is taken to a circuit court, it stands for trial as though the case had originated in the circuit court. Issues of fact in criminal cases, except with respect to admissibility of a confession, are tried by jury in circuit court. Ark. Code Ann. § 16-89-107(b)(1) (1987).

█ There was no need for Elmore to demand or move for a trial by jury, much less obtain a ruling on the issue, thus the trial court erred in not honoring Elmore's right to be tried by a jury.

The judgment is reversed, and the case is dismissed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JUNE 10, 1991

*Gammill Law Offices*, by: *Randall L. Gammill*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Sr. Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. By our earlier opinion in this case we reversed and dismissed Bobby Joe Elmore's conviction for driving his car left of center in violation of Ark. Code Ann. § 27-51-301 (1987). In a petition for rehearing the State contends we erred in dismissing the case rather than remanding for retrial.

We agree with the State's contention for two reasons. Elmore sought only reversal and remand rather than dismissal. Failure to grant a jury trial is the kind of trial error which, unlike insufficiency of the State's evidence, does not require dismissal under the double jeopardy clause. *See, e.g., Nard* v. *State*, 304 Ark. 163-A, 801 S.W.2d 634 (supplemental opinion, 1990).

In considering the State's second point, we were given pause by the thought that a bald failure to honor a defendant's request for a jury trial should result in the defendant having to suffer retrial. We are convinced, however, the law requires it.

In *United States* v. *Tateo*, 377 U.S. 463 (1963), the Supreme Court discussed the balance between the interests of government and those of the accused when the matter of "mere trial error" or something more fundamental is at issue. Tateo contended he should not be retried because his change of plea from not guilty to guilty, which was found to have been coerced by remarks of the judge at his trial, resulted in his case not going to a jury. The Supreme Court wrote:

We find this argument unconvincing. If a case is reversed because of a coerced confession improperly admitted, a deficiency in the indictment, or an improper instruction, it is presumed that the accused did not have his case fairly put to the jury. A defendant is no less wronged by a jury finding of guilt after an unfair trial than by a failure to get a jury verdict at all; the distinction between the two kinds of wrongs affords no sensible basis for differentiation with regard to retrial. [377 U.S. at 466-67]

The decision is modified to state that the case is remanded to the Circuit Court for a new trial.