**STATE of Iowa, Appellee,**

v.

**Rickey Ray HURD, Appellant.**

**No. 91–1963.**

Court of Appeals of Iowa.

Dec. 29, 1992.

David L. Reinschmidt and Stanley E. Munger of Munger & Reinschmidt, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden and Charles N. Thoman, Asst. Attys. Gen., and John A. Wibe, County Atty., for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

This is an appeal by the defendant, Rickey Ray Hurd, from the district court's order overruling the defendant's motion to reconsider its previous ruling granting a mistrial. We affirm.

Until 1989, the defendant worked as the manager of First Farmers Coop in Cleghorn, Iowa. He then quit his job with First Farmers and became the manager for a competing grain elevator. In 1991, the State charged the defendant by trial information with various counts of theft and fraudulent practices stemming from certain bookkeeping entries and related acts arising from the defendant's employment at First Farmers.

Prior to commencement of the trial, the defendant filed several motions in limine seeking to prevent the State from making statements in the presence of the jury which would have the effect of shifting the burden of proof to the defendant or expressing the prosecutor's opinion as to the defendant's alleged guilt. The district court sustained the motion regarding the prosecutor's comments to the jury expressing the defendant's alleged guilt.

During the prosecutor's direct examination of the State's witness, Donald Blackstone, the defendant's former employer, the following questions were asked:

Q. Did the defendant ever tell you that he had been told to make out or taught how to make out checks to falsely identified payees by Mr. Wagner and the Wagner accounting firm? A. No.

Q. Did he ever give you that explanation for making out a false check carbon on Sam's Riverside Auto Parts? A. No.

Immediately following this questioning, defense counsel vigorously moved for a mistrial outside the presence of the jury. Defense counsel claimed the prosecutor's questioning of Blackstone constituted an improper comment on the defendant's fifth amendment privilege. Defense counsel stated, "that is a clear and unequivocal comment on my client's fifth amendment privilege to remain silent, and I think a mistrial at this time is warranted. And I don't even think it's a close call." Defense

counsel further argued the prosecutor had violated the motion in limine preventing him from expressing an opinion as to the defendant's guilt and that such violation was intentional.

The State, with equal vigor, resisted the defendant's motion. The State claims that the questions were asked because the defense had told the jury from the outset that the defendant was taught how to make entries. The State claims the defense spent a great deal of time in cross examining Mr. Blackstone about what training, if any, Mr. Blackstone was aware the defendant had in accounting. The State further claims the defendant continually hit on this theme throughout the State's case-in-chief by cross examination of not only Blackstone, but the other State's witnesses. In addition, the defense did expressly tell the jury the evidence would show the defendant was taught how to make false entries.

The district court reserved ruling until the next day to provide the parties additional time for research. The next morning, the district court reconvened the hearing on the motion for mistrial. Following additional arguments, the district court granted the defendant's motion for mistrial. The vigor of the parties in favor and in opposition to the motion is illuminated by the fact that it consumed, even as a partial transcript, some sixty to seventy pages of the appendix.

In sustaining the motion, the court concluded the prosecutor's statements had violated the defendant's fifth amendment rights and that the defendant was so unfairly prejudiced thereby as to result in a denial of a fair trial absent a mistrial.[1] The district court also concluded the prosecutor's statements were unintentional and, therefore, refused to dismiss the case with prejudice. The court reasoned that it did not believe the conduct of the prosecutor was intentional for the prosecutor acted under the belief that he had a right to proceed with such questions to rebut any inference that the defendant was taught by

the auditor or others to make improper book entries.

Immediately following this ruling by the district court, defense counsel requested an opportunity to confer with his client. After a recess, defense counsel informed the district court the defendant wished to withdraw his motion for mistrial and continue his case with the present jury. Defense counsel requested the court reconsider its ruling on the mistrial and reinstate the cause before the present jury. The district court stated the following:

I have serious reservations as to whether we—trial should proceed under the current state of the record. I think the error—I think the error has occurred and that there is nothing that I could tell the jury in the way of a cautionary instruction that would be curative....

The defendant argued a mistrial ordered over his objections would violate the Double Jeopardy Clause of the United States Constitution and a similar provision of the Iowa Constitution. The district court overruled the defendant's motion to reconsider its ruling granting a mistrial.

■ If a trial is terminated over the defendant's objection, the State is barred from retrying the defendant unless the reason for the termination is one of "manifest necessity." *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416, 422 (1982). The manifest necessity standard was first enunciated in Justice Story's opinion in *United States v. Perez,* 9 Wheat 579, 580, 6 L.Ed. 165 (1824). *Perez* dealt with the most common form of "manifest necessity": a mistrial declared by the judge following the jury's declaration that it was unable to reach a verdict.

■ However, when a trial is terminated at the behest of a defendant, "quite different principles come into play." *Oregon,* 456 U.S. at 672, 102 S.Ct. at 2088, 72 L.Ed.2d at 422. "Where the defendant, by requesting a mistrial, exercised his choice in favor of terminating the trial, the Double Jeopardy Clause generally would not

**1.** We are not called upon to determine whether the questioning, in light of the existing record, was proper. Thus, we form no opinion in that respect.

stand in the way of reprosecution." *Lee v. United States*, 432 U.S. 23, 32–33, 97 S.Ct. 2141, 2146, 53 L.Ed.2d 80, 89 (1977). This is true even if the mistrial motion is necessitated by prosecutorial or judicial error. *Id.* at 32, 97 S.Ct. at 2146, 53 L.Ed.2d at 88. The only bar to reprosecution following a mistrial motion successfully urged by the defendant is when "the underlying error was 'motivated by bad faith or undertaken to harass or prejudice.'" *Id.* at 33, 97 S.Ct. at 2147, 53 L.Ed.2d at 89. As the United States Supreme Court stated in *Oregon v. Kennedy:*

> [W]e do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may not thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

*Oregon*, 456 U.S. at 679, 102 S.Ct. at 2091, 72 L.Ed.2d at 427.

■ Nothing precludes a defendant from withdrawing a mistrial motion prior to receiving a ruling on it as long as the opposing party suffers no prejudice in the interim, but the cases are clear that withdrawal must precede the ruling in order for the defendant to avoid the mistrial being declared at his or her behest. *See People v. Catten*, 69 N.Y.2d 547, 555–56, 508 N.E.2d 920, 925, 516 N.Y.S.2d 186, 190 (1987); *Walker v. State*, 262 Ark. 331, 332–33, 556 S.W.2d 655, 656 (1977); *MacPherson v. State*, 533 P.2d 1103, 1105–06 (Alaska 1975). *See also United States v. Evers*, 569 F.2d 876, 878 (5th Cir.1978); *Cardenas v. Superior Court of Los Angeles County*, 56 Cal.2d 273, 363 P.2d 889, 14 Cal.Rptr. 657 (1961); *State v. Himes*, 153 Fla. 711, 15 So.2d 613 (1943).

■ We conclude the mistrial motion was not granted over the defendant's objection. The record clearly establishes the defense requested a mistrial. Defense counsel interrupted the proceedings, he requested to be heard outside the presence of the jury, he urged the mistrial motion over a two-day period, and he stated, "I think a mistrial at this time is warranted. And I don't even think it's a close call." In addition, the State was adamantly opposed to the granting of the motion for a mistrial. It was not until after the district court ruled on the defendant's motion that the defense sought to withdraw it. Because we determine the defendant requested the mistrial, we conclude the State is not charged with demonstrating "manifest necessity" for the mistrial ruling.

■ Furthermore, we conclude the Double Jeopardy Clause does not bar retrial of this defendant because he has not demonstrated the district court erred in holding the prosecutor's underlying act was not motivated by bad faith or with an intent to harass or prejudice. We note the following statement of the Iowa Supreme Court on a similar issue:

> [N]otwithstanding our recognition of [a] rather broad scope of review in the determination of constitutional issues, we believe that the dispositive factual determination required ... is one which the district court was in a far better position to resolve than this court....

*State v. Rademacher*, 433 N.W.2d 754, 759 (Iowa 1988). We believe the district court was in a superior position to determine the legitimacy of the prosecutor's representation that he had no ill intent in extracting the questioned testimony. According to defense counsel's opening statement, the defense to the theft and fraudulent practice prosecution was going to rest on proof that the defendant was only doing what his superiors had trained him to do. The objectionable exchange manifested the prosecutor's attempt to respond to the defendant's represented defense. We agree with the trial court the prosecutor was not trying to incur a mistrial in posing the challenged questions. The record clearly demonstrates no bad faith or improper motive on the part of the prosecutor. We conclude the district court did not err in holding the defendant was unentitled to a dismissal of

this case with prejudice on double jeopardy grounds.

After considering all issues presented, we affirm the district court's order overruling the defendant's motion requesting the court reconsider its previous ruling granting a mistrial. We further determine the defendant is not barred from reprosecution.

Costs of this appeal are taxed to the appellant.

AFFIRMED.

DONIELSON, P.J., concurs.

SACKETT, J., dissents.

SCHLEGEL, J., takes no part.

SACKETT, Judge (dissenting).

I dissent. I would find jeopardy has attached and the charge should be dismissed.

Defendant requested a mistrial and when the mistrial was granted, defendant immediately made a motion asking the trial court to reconsider the motion. In making the motion to reconsider, defendant agreed that if the order granting the mistrial were withdrawn, the issue of the trial court's refusal to grant the mistrial would not be advanced by defendant as a ground for reversal on appeal. When this motion to reconsider was made, the jury had not yet learned the trial court's ruling and the jury was available to hear the case. Both the State and defendant had made considerable outlays of time and money to reach this point in the trial. The State had no valid reason not to join defendant's motion. In fact, because defendant had agreed to forego the reason he argued for a mistrial on appeal, the State, in agreeing to go ahead at this point, would have been in a better position than if the motion for the mistrial had not been sustained. The State did not agree to going ahead and the trial court did not modify its ruling. The trial, therefore, was ultimately terminated over defendant's objection. Contrary to the majority, I would determine jeopardy has attached.