James W. BOLT *v*. STATE of Arkansas

CR 93-281                                        862 S.W.2d 841

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Karr, Hutchinson, & Stubblefield*, by: *W. Asa Hutchinson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On August 5, 1992, James W. Bolt was charged with the crime of theft of property by deception. He was arraigned on August 31, 1992, and he pled not guilty. At the arraignment, the court informed him of his rights, including his right to a trial by jury. Both Bolt and his attorney signed a form

which set out those rights. The form further reflects the attorney's declaration that he believed Bolt was capable of understanding the rights given him and the substance of the proceeding.

Bolt and his attorney appeared for trial on December 9, 1992, and the trial court commenced the proceeding asking the state if it was ready. The state said that it was. The court then asked, "Is the defendant ready to proceed?" Bolt's attorney said, "We're ready, Your Honor, and at this time we would formally waive any requirement of a jury trial in this matter. We would proceed for the court to hear the case." The judge responded, saying, "All right, the record will so reflect." The trial court then had the witnesses sworn, it tried the case and found Bolt guilty of theft of property. The court sentenced Bolt to three years imprisonment.

Subsequent to trial, Bolt filed a motion for new trial, and among other things, asserted that he had not entered a waiver of trial by jury. Upon conducting a hearing on Bolt's motion and denying it, the trial court found Bolt was present when his attorney stood and waived his right to a jury trial. The judge noted that Bolt had assisted his attorney throughout the trial, and that he obviously was intelligent, educated and competent when his important right to a jury trial was waived. Bolt's sole point on appeal is that the trial court erred in holding Bolt had properly waived his right to a jury trial.

Bolt's argument is premised upon A.R.Cr.P. Rule 31.2 as it reads in conjunction with A.R.Cr.P. 31.3. Those rules respectively provide as follows:

> Should a defendant desire to waive his right to a trial by jury, he must do so personally either in writing or in open court. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury shall be made and preserved.

* * *

> In misdemeanor cases, where only a fine is imposed by the court, a jury trial may be waived by the defendant's attorney, except that a corporation charged with any crime may waive a jury trial through counsel or authorized corporate officer.

Bolt argues that, under Rule 31.2, the trial court cannot accept a waiver of jury trial from a defendant's attorney because the defendant must "personally" waive it. Bolt suggests that only in misdemeanor cases involving fines, as described by Rule 31.3, may a defendant's attorney waive a jury.[1]

To further support his argument, Bolt cites this court's recent decisions in *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992), and *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992), where the court held that an accused's right of trial by jury shall not be violated unless that right is waived in the manner provided by law. *See also Elmore v. State*, 305 Ark. 426, 809 S.W.2d 370 (1991). In *Winkle* and *Calnan*, the court reversed the defendants' convictions and held they were entitled to a jury even though they had not requested a jury, nor had objected before or at trial to having been tried without one. In *Calnan*, the court said that the law is clear that the only way a defendant may waive the jury trial right is by personally making an express declaration in writing or in open court and that the open court proceedings where the defendant waives his or her right must be preserved. 310 Ark. at 747, 841 S.W.2d at 596.

The present case differs from *Calnan* and *Winkle* in that, in those cases, the record failed to show that either the defendants or their attorneys affirmatively waived the defendants' rights to a jury. Here, Bolt's counsel stated in open court, on the record, and in Bolt's presence that Bolt waived a jury trial and specifically asked the trial court to hear the case. Bolt was well aware that he had a right to a jury, and the trial court determined that, while Bolt understood this right, he waived it in compliance with Rule 31.2 and Arkansas's constitutional law providing for a jury trial and its waiver. *See* Ark. Const. art. 2, § 7. We agree.

Bolt's argument is narrowly reduced to whether he personally, not his attorney, must waive his right to a jury. In addition to

---

[1] We note that a defendant charged with a felony must be present during the trial, but in a misdemeanor case, the trial may be had in the defendant's absence. Ark. Code Ann. § 16-89-103 (1987). In this respect, Rule 31.3's language that allows the defendant's attorney to waive a jury trial is consistent with the law that a defendant's presence is not required in misdemeanor cases. His plea may likewise be accepted in his absence. *See Prince v. State*, 267 Ark. 304, 590 S.W.2d 25 (1979).

what we stated above, we reject Bolt's contention based on the language of Rule 31.2 and our interpretation of similar wording found in our criminal procedure rules dealing with the receiving and acting upon guilty pleas. Rules 24.4 and 24.5 provide in relevant part that the trial court shall not accept a plea of guilty from a defendant without first addressing the defendant *personally* and in determining the voluntariness of a plea, the court shall also address the defendant *personally* to determine if any force, threats or promises were used to induce the plea. Under Rule 24.6, the court cannot enter a judgment upon a guilty plea without making inquiry if there is a factual basis for the plea, and in construing the foregoing rules, this court stated that a factual basis can be established only by addressing the accused *personally*. *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986).

In *Furr* v. *State*, 297 Ark. 233, 761 S.W.2d 160 (1988), this court corrected its misinterpretation of its rules in *McDaniel* by stating the court had no rule providing that the factual basis for a defendant's plea must be furnished only by the defendant. The court upheld Furr's guilty pleas where the trial court, not Furr, recounted the charges and bases of the crimes in the presence of Furr, his counsel, the prosecutor and where the defendant acknowledged his guilt. Significantly, the *Furr* court added that Furr's counsel also confirmed in open court and in the presence of the defendant, the truthfulness of the factual bases recited by the court.[2]

In sum, we hold that, while a defendant who desires to waive his right to a jury trial under Rule 31.2 must do so either in writing or in open court, his or her attorney may also make such a waiver so long as the defendant has acknowledged he or she had been informed of the right and the attorney waives the right in open court, on the record and in the defendant's presence. Here, Bolt indisputably had been informed of his right to a jury, acknowledged it and was present in court when his attorney waived the right in open court on the record. The court's action was plainly proper, for in a matter of this kind, the defendant

---

[2] Justices Dudley, Newbern and Purtle dissented, voicing their opinion that the bright line rule in *McDaniel* should be followed, and the defendant should establish the factual basis of the crime to which he or she pled guilty.

must be bound by his attorney's action. *Cf. Waller* v. *State,* 262 Ark. 331, 556 S.W.2d 655 (1977). Accordingly, we affirm the trial court's ruling and decision.

DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. Appellant was charged with a felony. At trial, his attorney stated that appellant waived his right to a trial by jury. The judge heard the case without a jury, found appellant guilty, and sentenced him to three years imprisonment. Appellant, represented by different counsel, moved for a new trial, and contended that he had not personally entered a waiver of trial by jury. The trial court denied the motion. Appellant appeals and argues that, under the language of the Constitution of Arkansas and its implementing rules, he did not waive his right to a trial by jury. The majority opinion fails to follow the clear and definite language of the Constitution and its implementing rules, and holds that an attorney can waive the defendant's right to a trial by jury. I dissent.

The right to a trial by jury in a criminal case has been a right of both the accused and the State since Arkansas was initially admitted into the Union. The statehood constitution, the 1836 constitution, provided "The right of trial by jury shall remain inviolate." "Inviolate" means that it can not be violated. It cannot be waived; it must be had. Neither the State nor the defendant could waive a jury trial under this definitive provision. *Wilson* v. *State,* 16 Ark. 601 (1855); *Bond* v. *State,* 17 Ark. 290 (1856); *Oliver* v. *State,* 17 Ark. 510 (1856); *Cooper* v. *State,* 21 Ark. 228 (1860); *Cason* v. *State,* 22 Ark. 214 (1860); *Bennett* v. *State,* 22 Ark. 215 (1860). (In *Bennett* the court also reversed four other cases for the same reason.) The secession constitution, or the 1861 constitution, contained the identical provision, as did the military constitution of 1864, and the reconstruction constitution of 1868. Obviously, our forefathers wanted all criminal cases decided by juries, and not by judges. There were no exceptions. Trial by jury was inviolate.

We adopted our present Constitution in 1874 and, at that time, added the phrase "but a jury trial may be waived in the manner prescribed by law." Thus, the present constitution provides: *"The right of trial by jury shall remain inviolate, . . . but a jury trial may be waived in the manner prescribed by law."*

Ark. Const. art. 2, § 7 (emphasis supplied). Four years after adding the second phrase, we held the provision to mean that a defendant can waive a jury trial in the manner prescribed by the law at that time. *Lester* v. *State*, 32 Ark. 722 (1878). In *Moore* v. *State*, 241 Ark. 335, 407 S.W.2d 744 (1966), we said this provision means that a defendant must be afforded a jury trial unless he waives that right in the manner prescribed by statute.

Waiver "in the manner prescribed by law" is now governed by three of the Arkansas Rules of Criminal Procedure. The first of these rules, A.R.Cr.P. Rule 31.1, is a general rule which provides that "[n]o defendant in any criminal case may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court." The second of the rules, and the one that is directly in point in this case, has a title in bold print followed by the rule and is as follows:

RULE 31.2. Waiver of Trial by Jury: *Personal Request*

Should a defendant desire to waive his right to a trial by jury, *he must do so personally* either in writing or in open court. A verbatim record of any proceedings at which *a defendant waives his right* to a trial by jury shall be made and preserved. [Emphasis supplied.]

Appellant did not *personally* waive his right to a jury trial either in writing or in open court as mandated by the clear language of the rule. He did not make a *"Personal Request"* as provided in the title to the rule. The rule plainly requires a personal declaration by the defendant before there is a waiver "in the manner prescribed by law." Inaction on the part of the defendant does not constitute a waiver. In *Winkle* v. *State*, 310 Ark. 713, 841 S.W.2d 589 (1992), we said "[t]he word 'waiver' means an intentional relinquishment of a known right. It is the doing of an intentional act." *Id.* at 716, 841 S.W.2d at 590 (citation omitted). Appellant did not intentionally and personally make a relinquishment of a known right.

The foregoing reading of the clear and definite language of Rule 31.2 is made unassailable by Rule 31.3, which expressly provides for waiver by counsel *in misdemeanor cases*. The title and rule are as follows:

Rule 31.3. Waiver of Trial by Jury: *Waiver by Counsel or*

*Agent.*

> *In misdemeanor cases,* where only a fine is imposed by the court, a jury trial may be waived by the defendant's attorney, except that a corporation charged with any crime may waive a jury trial through counsel or authorized agent. [Emphasis supplied.]

In all of our prior cases we have read the language of Rule 31.2 just as it is. In *Calnan* v. *State,* 310 Ark. 744, 841 S.W.2d 593 (1992), we wrote:

> The law is clear that the only way a defendant may waive the jury trial right is by *personally making an express declaration* in writing or in open court and that the open court proceedings where *the defendant waives his or her right* must be preserved. (Emphasis supplied.) That did not occur here. In *Fretwell* v. *State,* 289 Ark. 91, 708 S.W.2d 630 (1986), we wrote "Criminal cases which require trial by jury *must* be so tired unless (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two requirements are mandatory before the court has any discretion in the matter."

> Our clearest expression that a criminal defendant bears no burden of demanding a trial by jury under our constitution and law came in *Elmore* v. *State,* 305 Ark. 426, 809 S.W.2d 370 (1991). We stated, "There was no need for Elmore to demand or move for a trial by jury, much less obtain a ruling on the issue, thus the trial court erred in not honoring Elmore's right to be tried by a jury."

*Id.* at 747, 841 S.W.2d at 595.

The Arkansas Constitution and implementing rules are definite. Together they provide that in felony cases the defendant must personally waive the right to trial by jury. That was not done in this case. Yet, the majority opinion affirms the trial court's ruling that appellant waived a jury trial in compliance with Rule 31.2. The rationale given in the majority opinion is that its construction of Rule 31.2 is comparable to that given Rules of Criminal Procedure 24.4 and 24.5, rules that deal with acceptance a guilty plea. That rationale contains the fallacious premise

that Rule 31.2 needs a construing or interpreting in order to determine its meaning. It needs no construction. The rule is clear and unambiguous. This court has no authority to construe a statute that is plain and unambiguous. *Cowger* v. *State*, 307 Ark. 92, 817 S.W.2d 427 (1991).

However, even if construction or interpretation were permissible, we would construe or interpret the rule by giving the words their ordinary and usually accepted meaning, *Garrett* v. *McDonagh*, 303 Ark. 348, 796 S.W.2d 582 (1990), and the simple fact is that when the words of the rule are given their ordinary and usually accepted meaning, the rule itself is clear: "Should a defendant desire to waive his right to a trial by jury, he shall do so personally either in writing or in open court." Nothing more need be said.

The words of the constitution and its implementing rules should be given their clear meaning. The majority opinion does not do so. Perhaps part of the reason is that some members of the majority find appellant's actions reprehensible. We all share that feeling, but this case involves so much more. The state constitution and its implementing rules should never be thwarted by a specious construction or interpretation that is had in order to prevent an undesirable result. The end does not justify the means. If the majority believes the rules prescribing waiver of the right to trial by a jury should not be as they are today, proper procedure should be followed and the rules rewritten.

NEWBERN, J., joins in this dissent.