IN RE: ARKANSAS RULES OF CRIMINAL PROCEDURE

Supreme Court of Arkansas
Delivered June 6, 1994

PER CURIAM. The Supreme Court Committee on Criminal Practice has proposed changes in the Arkansas Rules of Criminal Procedure. We published those proposed changes by per curiam order dated January 31, 1994, and asked the bench and bar for comment within 60 days from date of that order. No comments were received on the following rule changes to Rule 4.1, *Authority to Arrest without Warrant*; Rule 7.1(c), *Arrest with a Warrant: Basis for Issuance of Arrest Warrant*; and Rule 31.2, *Waiver of Trial by Jury: Personal Request.* We adopt those rule changes, effective immediately:

Rule 4.1 is amended to add a new subsection (e) as follows:

(e) A person arrested without a warrant shall not be held in custody unless a judicial officer determines, from affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person has committed an offense. Such reasonable cause determination shall be made promptly, but in no event longer than forty-eight (48) hours from the time of arrest, unless the prosecuting attorney demonstrates that a bona fide emergency or other extraordinary circumstance justifies a delay longer than forty-eight (48) hours. Such reasonable cause determination may be made at the first appearance of the arrested person pursuant to Rule 8.1.

## COMMENT

In *Gerstein* v. *Pugh*, 420 U.S. 103 (1975), the United States Supreme Court ruled that a person arrested without a warrant is entitled to a prompt judicial determination of probable cause. In *County of Riverside* v. *McLaughlin*, 500 U.S. 44 (1991), the Court held that a judicial determination of probable cause within 48 hours of arrest will generally satisfy the promptness requirement of *Gerstein*, but the court recognized that a longer delay may be justified by "bona fide emergency or other extraordinary circumstance." The change to Rule 4.1 codifies *Gerstein* as modi-

fied by *Riverside*. This new rule is to be applied retroactively to all criminal cases currently pending trial on the merits and to all direct appeals currently in progress. *See Powell* v. *Nevada*, 114 S.Ct. 1280 (1994).

Rule 7.1 (c) is amended to read as follows:

(c) A judicial officer who has determined in accordance with Rule 7.1(b) that an arrest warrant should be issued may authorize the clerk of the court or his deputy to issue the warrant.

Rule 31.2 is amended to read as follows:

Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

## COMMENT

The purpose of this rule is to memorialize *Bolt* v. *State*, 314 Ark. 387, 862 S.W.2d 841 (1993).

The proposed rule change to Rule 28.2(c), *When Time Commences to Run*, relating to the speedy trial rule may be in conflict with other speedy trial rules, and we refer the proposed rule to the Criminal Practice Committee for further study.