Christopher HILL *v.* STATE of Arkansas

CA CR 93-640 883 S.W.2d 857

Court of Appeals of Arkansas
Division II
Opinion delivered October 5, 1994

*Green & Henry*, by: *J. Bradley Green*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The trial court, sitting as the trier of fact, found the appellant, Christopher Hill, guilty of possession of a controlled substance (cocaine) with intent to deliver, and sentenced him to a term of twenty-five years in prison of which thirteen years were suspended. The sole issue on appeal is appellant's contention that he did not voluntarily and knowingly waive a trial by jury, and thus was denied the right to a jury trial. Because the waiver of a jury trial was not accomplished in the manner prescribed by law, we must reverse and remand for a new trial.

The record discloses that, at the conclusion of a pre-trial hearing held the day before trial, there was some discussion between court and counsel about postponing appellant's jury trial. It appears that there were other cases scheduled for trial on the same date, a situation which might pose a problem since the trials had been set on election day and the courtroom would be needed for counting votes. During this discourse, counsel for the defense pointed out that appellant had been in jail for three months awaiting trial, and he requested "either a real fast trial" or that appellant be released on his own recognizance. The prosecution was not amenable to the request for appellant's release, given appellant's out-of-state contacts and the gravity of the offense, which was said to involve some seventeen rocks of cocaine. As an alternative, the prosecution suggested that the case proceed to trial the next day as planned, but without a jury. Counsel for the defense responded to the prosecutor's suggestion by asking for a few moments to discuss the proposition with appellant. The hearing was then brought to a close by the court saying, "All right. Well, I don't want to try it tomorrow frankly. Two trials in one day would be plenty for me without a third one. We're congested but we're not that bad." The record reveals nothing further on the jury-versus-bench trial matter, but a bench trial was held the following day without any apparent objection from appellant.

Article 2, section 7 of the Arkansas Constitution provides that a jury trial may be waived "in the manner prescribed by law." The manner prescribed by law, as applicable to criminal cases, is set out in Rule 31.2 of the Arkansas Rules of Criminal Procedure. This rule provides:

> Should a defendant desire to waive his right to trial by jury, he must do so personally either in writing or in open court. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury shall be made and preserved.

When construing the constitutional provision together with Rule 31.2, the supreme court held in *Calnan* v. *State*, 310 Ark. 744, 841 S.W.2d 593 (1992), that "[t]he law is clear that the only way a defendant may waive the jury trial right is by personally making an express declaration in writing or in open court and that the open court proceedings where the defendant waives his or her right must be preserved." In *Calnan*, the court also

determined that this right could not be forfeited by a defendant's inaction, and ruled that the burden is on the trial court to assure that any waiver of the right to a trial by jury is accomplished in accordance with the requirements of the law. The court thus concluded that the contemporaneous objection rule did not apply. Since the record in that case contained no waiver of the right to a jury trial, the supreme court found merit in the appellant's argument that her right to a jury trial had been violated, and it reversed and remanded for a new trial. *See also Winkle* v. *State*, 310 Ark. 713, 841 S.W.2d 589 (1992).

More recently, the supreme court decided the cases of *Bolt* v. *State*, 314 Ark. 387, 862 S.W.2d 841 (1993), and *Johnson* v. *State*, 314 Ark. 471, 863 S.W.2d 305 (1993), 314 Ark. 478, 868 S.W.2d 43 (1993) (supplemental opinion denying rehearing). In *Bolt* v. *State*, the appellant had signed a form acknowledging his right to a jury trial, and later his counsel, in open court and in the appellant's presence, waived a jury trial and asked the trial court to hear the case. Similarly, in *Johnson* v. *State*, the attorney had stated in open court and in the appellant's presence that the right to a jury trial was being waived in favor of a bench trial. The situation in *Johnson* differed from that in *Bolt* only in that the appellant in *Johnson* had not been presented with a form which specifically apprised the accused of the right to a jury trial. In both cases the appellants urged, relying on the decisions in *Calnan* v. *State, supra*, and *Winkle* v. *State, supra*, that their waivers did not meet the requirements of the rule because they were made by their attorneys, and not "personally" by them. The supreme court disagreed, holding that an attorney's waiver made on the record in the presence of the defendant satisfied the requirements of the law. The court in *Johnson* specifically stated that under those circumstances a defendant may not stand idly by and later cry foul.

In the present case, after the appellant had filed his brief with this court, the State filed a motion to settle the record. In this motion, the State asserted that it had learned that, despite the record's silence, there had been a discussion, presumably in appellant's presence, in which appellant's counsel had informed the trial court that appellant agreed to waive the right to a jury trial. The State specifically made reference to the cases of *Bolt* v. *State supra*, and *Johnson* v. *State, supra*, which were then pending in the supreme court. In further support of the motion,

the State noted that the trial court's docket entry from the pre-trial hearing contained the notation that a jury trial had been waived. We granted the motion and directed the trial court to conduct a hearing on the matter.

On remand, and after the hearing, the trial court entered an order in which it made the following findings of fact. The court found that, at the conclusion of the pre-trial hearing, appellant and his counsel retired to the library to discuss proceeding with a non-jury trial. The court found that counsel advised appellant of the differences between a jury and non-jury trial, and discussed what possibilities could occur and what the likely outcome would be. The court also found that appellant wanted his case tried quickly, that he understood the differences between a jury and non-jury trial, and that he advised his attorney that he wished to proceed with trial the next day. The trial court then found that "[o]ff the record, after Mr. Smith [defense counsel] had the conversation with the defendant, Mr. Smith went into the Court's chambers and advised the Court and the state's attorney that the defendant agreed, after consultation with Mr. Smith, to waive his right to a jury trial."

Confining our review to the record of the pre-trial hearing and of trial, we are faced with a situation like that which was denounced in both the cases of *Calnan* v. *State, supra*, and *Winkle* v. *State, supra*, in that a bench trial was held without the record reflecting an express waiver of the right to a jury trial. In those cases and their progeny, the supreme court has spoken, commanding that the right to a jury trial must be waived in writing or on the record in open court, either by the appellant himself or by his attorney in the defendant's presence. Since the record here is conspicuously silent, we are compelled to find merit in the appellant's argument that he was denied the right to a jury trial. Even considering the record as reconstructed on remand,[1] the result would be the same since the trial court found that the waiver was communicated by defense counsel in cham-

[1]Given the requirement found in Rule 31.2 that a verbatim record be made, we question whether the record can be settled in this instance to reflect that which was done, but yet not recorded. We do not question, however, the State's good faith in asking for the record to be settled to include that which may have been simply omitted from the record brought up on appeal.

bers without appellant being present and without a record being made of the colloquy.

Reversed and Remanded.

COOPER and ROBBINS, JJ., agree.