SLIP OPINION

Cite as 2016 Ark. 392

# SUPREME COURT OF ARKANSAS

No. CR–16–433

| | | |
|---|---|---|
| JERROLL TAYLOR | APPELLANT | Opinion Delivered: November 17, 2016 |
| V. | | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CR-15-15] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RANDY WRIGHT, JUDGE |
| | | REVERSED AND REMANDED. |

**HOWARD W. BRILL, Chief Justice**

At a bench trial that followed an appeal from district court, appellant Jerroll Taylor was convicted of carrying a weapon in violation of Arkansas Code Annotated section 5-73-120 (Supp. 2013). Taylor presents several arguments for reversal, one of which is that the circuit court erred in failing to obtain a valid jury-trial waiver before proceeding to a bench trial. The State concedes error, and we agree. Accordingly, we reverse Taylor's conviction and remand the case for a new trial.[1]

There is no right to a jury trial in district court. *See, e.g.*, *State v. Roberts*, 321 Ark. 31, 34, 900 S.W.2d 175, 176 (1995). But when a conviction is appealed from a district court to a circuit court, the case is tried de novo, and the defendant is entitled to a trial by jury. *E.g.*, *Medlock v. State*, 328 Ark. 229, 233, 942 S.W.2d 861, 863 (1997). The right to a jury

---

[1] We express no opinion on the merits of Taylor's other arguments, which concern the application and interpretation of section 5-73-120, as amended by Act 746 of 2013. *See* Act of Apr. 4, 2013, No. 746, § 2, 2013 Ark. Acts 2783, 2785−87.

trial is inviolate, *see* Ark. Const. art. II, § 7, and the inviolability of that right is maintained when a party takes a case to circuit court, *Roberts*, 321 Ark. at 35, 900 S.W.2d at 176; *see also* Ark. Dist. Ct. R. 2(b) (2016) ("There shall be no jury trials in district court. In order that the right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court.").

Further, a defendant in circuit court is "entitled to be tried by a jury without even making such a motion." *Elmore v. State*, 305 Ark. 426, 427, 809 S.W.2d 370, 371 (1991). The Arkansas Constitution and the Arkansas Rules of Criminal Procedure assume a defendant in circuit court will be tried by a jury unless that right is expressly waived. *See Calnan v. State*, 310 Ark. 744, 749, 841 S.W.2d 593, 596 (1992). A defendant may waive the right in writing or in open court. *See* Ark. R. Crim. P. 31.1 and 31.2 (2016); *see also* Ark. Const. art. II, § 7 (stating that "a jury trial may be waived by the parties in all cases in the manner prescribed by law"). But there must be a waiver. The law providing the manner of waiver is designed to ensure that the jury-trial right is not forfeited by inaction on the part of a defendant. *Calnan*, 310 Ark. at 749, 841 S.W.2d at 596. The duty of the circuit court is to ensure that, if the defendant wishes to waive the right to trial by jury, the defendant does so only in accord with the Arkansas Constitution and the Arkansas Rules of Criminal Procedure. *Id.*, 841 S.W.2d at 596.

Here, the record reveals that there was no written waiver of a jury trial and no waiver of a jury trial made in open court. Because Taylor did not waive his right to a jury trial, his conviction must be reversed and the case remanded for a new trial. *See Elmore*, 305 Ark. at 427-B&C, 809 S.W.2d at 371 (supp. op. on denial of reh'g) (the failure to grant a jury trial

is the kind of trial error which, unlike insufficiency of the State's evidence, does not require dismissal under the double-jeopardy clause).

Reversed and remanded.

*The Graham Law Firm*, by: *James Lucas Graham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee